### WOOD et al. v. B. F. DITTMAR CO.
### No. 9060.

Court of Civil Appeals of Texas. San Antonio.

April 19, 1933.

J. M. Mothershead, of Harlingen, for appellants.

Leo Brewer, A. N. Moursund, Olind H. Pitman, and I. M. Wilford, all of San Antonio, and Bascom Cox, of Brownsville, for appellee.

MURRAY, Justice.

C. B. Wood and wife, L. Bernice Wood, were the defendants in cause No. 10677, styled Jefferson Standard Life Insurance Company v. C. B. Wood et ux., filed in the 103d district court of Cameron county, Tex.

On August 26, 1931, C. B. Wood and wife filed in that cause a cross-action against B. F. Dittmar Company. Upon a plea of misjoinder, this cross-action was, on the 18th day of January, 1932, dismissed. The order of dismissal contained the following provision:

"It is further ordered that such dismissal is without prejudice to the said C. B. Wood and L. Bernice Wood instituting a new suit against B. F. Dittmar Company upon said cause of action, so alleged in said cross-action, under the provisions of chapter 81, § 1, of the Acts of the Regular Session of the 42d Legislature of Texas, or under any other provisions of the law."

On January 25, 1932, appellants did file a new and independent suit based upon the same cause of action set out in the cross-action, which had been dismissed. This new suit was No. 11066, and is the suit in which this appeal is taken.

Chapter 81, § 1. Acts 42nd Legislature, 1931 (Vernon's Ann. Civ. St. art. 5539a), provides as follows: Section 1. "When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

A plea of limitation was sustained in cause No. 11066, and this suit dismissed by the trial court. C. B. Wood and wife, L. Bernice Wood, have appealed, assigning the action of the trial court as error.

At the time of filing of the cross-action in cause No. 10677, limitation had not run against appellants' cause of action, but at the time of the filing of cause No. 11066 more than two years had elapsed since the accrual of appellants' cause of action, and same was barred by the two-year statute of limitation, and the plea of limitation should have been sustained, unless the provisions of the original order of dismissal and the provisions of chapter 81, § 1, supra, are sufficient to prevent the running of such statute.

Appellants' cause of action was not barred by the two-year statute of limitation.

The stipulations in the order of dismissal of the original cross-action, together with the provision of chapter 81, § 1, supra, were sufficient to toll the running of limitation, and the trial court erred in dismissing appellants' cause of action herein.

For the error pointed out, the judgment is reversed, and the cause remanded.