CHALMERS v. AMERICAN NAT. INS. CO.

No. 3470.

Court of Civil Appeals of Texas. El Paso.

March 4, 1937.

Rehearing Denied March 25, 1937.

Bailey P. Loftin, of Houston, for appellant.

Frank S. Anderson, of Galveston, and Williams, Lee, Sears & Kennerly and Wm. H. Blades, all of Houston, for appellee.

NEALON, Chief Justice.

Walter Chalmers, appellant herein, as temporary administrator, filed this suit in the district court of the Sixty-first judicial district in and for Harris county, Tex., July 2, 1936. Appellee, American National Insurance Company, was defendant. The object of the suit was to recover the proceeds of an insurance policy issued by defendant upon the life of Asencion Arce, who died June 25, 1930, more than five years prior to the filing of this suit. Plaintiff alleged that after due proof of death, defendant refused to pay the claim on or about September 1, 1930. Plaintiff further alleges that he was appointed administrator and qualified April 26, 1934. Prior to that time, there had been no administration of the estate of decedent.

Defendant pleaded the four-year statute of limitation (Vernon's Ann.Civ.St. art.

5527), in reply to which plaintiff pleaded that subsequent to his appointment he joined Magdalena Rodriguez, as a party plaintiff in a suit in the district court of the Sixty-first judicial district against appellee in an attempt to recover upon the claim involved in this litigation; that defendant (now appellee) filed its plea in abatement alleging improper joinder of parties plaintiff and improper joinder of causes of action; that on January 19, 1935, the district court, upon hearing, entered the following order:

"It is therefore Ordered, Adjudged and Decreed by the Court that said pleas be, and are hereby sustained, and this cause of action is dismissed, without prejudice to the rights of plaintiffs herein, Magdalena Rodriguez and Walter Chalmers, temporary administrator, to enter and maintain separate suits, and it is further ordered, adjudged and decreed that all costs incurred herein be paid by said plaintiffs, to which plaintiffs except and give notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, Texas."

Appellee perfected his appeal, and on July 18, 1935, the Galveston Court of Civil Appeals affirmed the judgment of the trial court.

In the instant case the trial court sustained defendant's special exception and plea of limitation and rendered judgment in favor of defendant.

Opinion.

The sole question to be determined by this court is whether or not by virtue of article 5539a, Vernon's Revised Civil Statutes, plaintiff had sixty days from the time the judgment in the first suit became final within which to file this action. It will be observed that both suits were filed in the same court, and the first was not dismissed for want of jurisdiction of the trial court. Article 5539a is taken from an act, approved April 27, 1931, the caption of which reads: "An Act to extend the period of limitation because of filing of any action in the wrong Court, unless opposite party shows intentional disregard of jurisdiction; and declaring an emergency."

Section 1 of the act reads as follows: "Section 1. When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdic-

tion of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

Section 2 repeals conflicting laws and parts of laws, and section 3 is the emergency clause. General Laws of Texas, 1931, 42nd. Leg. ch. 81, page 124.

Appellant contends that the statute of limitation was tolled during the pendency of the first suit and that as he filed the present suit within sixty days after final determination of the first by the Court of Civil Appeals, his alleged cause of action is not barred. He calls our attention to Wood v. B. F. Dittmar Co., 59 S.W.(2d) 441, decided by the Fourth Court of Civil Appeals, as authority supporting his view. Upon the surface the opinion in that case seems to favor appellant's contention. However, we do not know what facts not detailed in the opinion may have been present to take the case out of the rule. That there must have been some such situation is evidenced by the fact that the same court in an opinion written by the author of the opinion cited held in the later case of Binge v. Gulf Coast Orchards Co. (1936) 93 S.W.(2d) 813, that a cause of action was barred after the statutory period when the first suit was filed in a court having jurisdiction and dismissed under a mistaken belief that jurisdiction was lacking. With the view expressed in this later case, we agree. In order for the pendency and dismissal of a suit to toll the statute, the suit must have been first filed in a court that lacked jurisdiction, or, as the caption of the act expressed it, "in the wrong Court." Persuasive supporting authority may be found in the decision of the Kentucky Court of Appeals in construing a somewhat similar statute in the cases of Fielder v. Hansbrough, 195 Ky. 574, 242 S. W. 832, and Sears v. Elcomb Coal Co., 253 Ky. 279, 69 S.W.(2d) 382. The phrase "without prejudice," appearing in the judgment entered in the first case, does not affect the result. See Black on Judgments, as quoted with approval by this court in Freidenbloom v. McAfee, 167 S.W. 28; Winter Garden Land Co. v. Zavalla-Dimmit Counties Water Improvement District No. 1, 5

S.W.(2d) 606; Griffith v. Associated Employers' Reciprocal, 10 S.W.(2d) 129.

The judgment of the district court is affirmed.