In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00051-CV
______________________________


MICHAEL G. BROWN, M.D., Appellant
 
V.
 
DONN C. FULLENWEIDER, INDIVIDUALLY AND AS REPRESENTATIVE 
OF J. D. "BUCKY" ALLSHOUSE; J. MICHAEL HILL; 
AND JOSEPH CONSTANTINO, Appellees


                                              

On Appeal from the 133rd Judicial District Court
Harris County, Texas
Trial Court No. 01-58770


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss
Dissenting Opinion by Justice Carter

O P I N I O N

            Attorney Donn C. Fullenweider's first effort to collect attorney's fees from his former client,
Michael G. Brown, M.D., failed when the Texas Supreme Court vacated the first judgment he had
obtained against Brown and dismissed Fullenweider's action for want of jurisdiction. We are called
on to decide whether Fullenweider's second effort—and judgment against Brown—will fail.
            In June 1994, Brown retained Fullenweider to represent him in divorce proceedings, agreeing
to pay legal fees and expenses. After the parties in the divorce proceedings successfully reached a
mediated agreement, the 359th Judicial District Court of Montgomery County entered a final divorce
decree in December 1994. Almost three years later, after Brown's persistent refusal and failure to
pay Fullenweider's charges, Fullenweider attempted to collect the unpaid fees by filing a motion to
enforce the divorce decree under Sections 9.001 and 9.002 of the Texas Family Code, claiming he
was an affected party. See Tex. Fam. Code Ann. §§ 9.001– 9.002 (Vernon 1998). Both the trial
court and the Ninth Court of Appeals allowed Fullenweider to pursue this avenue to collection. The
Texas Supreme Court, however, reversed the judgment of the court of appeals and vacated the
judgment of the trial court, dismissing the action for want of jurisdiction. Brown v. Fullenweider,
7 S.W.3d 333 (Tex. App.—Beaumont 1999), rev'd, 52 S.W.3d 169 (Tex. 2001) (per curiam).
            After the Texas Supreme Court's reversal, Fullenweider filed his collection lawsuit in the
133rd Judicial District Court of Harris County, asserting that Section 16.064 of the Texas Civil
Practice and Remedies Code tolled the applicable statute of limitations. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.004 (Vernon 2002), § 16.064 (Vernon 1997). The trial court agreed, found Brown
in breach of the contract, and awarded Fullenweider a total of $406,648.27, including interest and
attorney's  fees.


  Brown  now  appeals  contending  (1)  Fullenweider's  claims  are  barred  by
Section 16.004's four-year statute of limitations because the tolling provision of Section 16.064 is
inapplicable, and (2) even if the tolling provision does apply, the trial court erred in awarding
attorney's fees incurred in a related, but separate lawsuit. We eliminate from the judgment the
attorney's fees incurred in the first effort, but affirm the judgment as modified.
Limitations and Lack of Jurisdiction
            In his first point of error, Brown argues that Section 16.064 protects litigants who file cases
in the wrong court by allowing them to refile in the correct court within sixty days, but that the
provision is not designed to toll the limitations period for litigants who file in a proper court but in
a procedurally incorrect way. 
            Whether Section 16.064 applies in the present situation is a question of law, which we review
de novo. Tex. Dep't of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002). Because Brown does
not contend Fullenweider filed the Montgomery County case with intentional disregard of proper
jurisdiction, we address only the portion of Section 16.064 that provides:
The period between the date of filing an action in a trial court and the date of a
second filing of the same action in a different court suspends the running of the
applicable statute of limitations for the period if: (1) because of lack of jurisdiction
in the trial court where the action was first filed, the action is dismissed or the
judgment is set aside or annulled in a direct proceeding; and (2) not later than the
60th day after the date the dismissal or other disposition becomes final, the action is
commenced in a court of proper jurisdiction.

Tex. Civ. Prac. & Rem. Code Ann. § 16.064(a). Conceding Fullenweider filed this case within
sixty days following the Texas Supreme Court's judgment in the Montgomery County case, Brown
argues the tolling provision is still inapplicable because the first case was not filed in the wrong
court. 
            Providing some insight into the predecessor to Section 16.064, the Third Court of Appeals
has stated:
It is manifest that the [tolling provision] is remedial in its every essence. It should
therefore be given a liberal construction with a view of effectuating its manifest
objective—relief from penalty of limitation bar to one who has mistakenly brought
his action "in the wrong court." So construed, it is clear that the [tolling provision]
was intended to cover every case where the effect of the final judgment or order of
the first court was tantamount to a dismissal because the action was mistakenly but
in good faith brought in the wrong court.

Burford v. Sun Oil Co., 186 S.W.2d 306, 310 (Tex. Civ. App.—Austin 1944, writ ref'd w.o.m.)
(citation omitted). Despite Burford's emphasis on liberally construing the tolling provision, Brown
focuses on its repeated use of the phrase "in the wrong court." He reasons that, because Fullenweider
could have invoked the Montgomery County court's jurisdiction through proper pleading, the action
was not originally brought "in the wrong court" as that phrase was applied in Burford. If Brown's
position is correct and the literal application of this phrase is prerequisite to activating the tolling
provision, then Fullenweider's claims are barred by the statute of limitations and this Court must
reverse the judgment of the trial court.
 
            Decisions in at least two sister courts seem to support Brown's analysis. The Second Court
of Appeals, for example, has indicated that, although the tolling provision is to be liberally
construed, its reach is not limitless. Clary Corp. v. Smith, 949 S.W.2d 452, 461 (Tex. App.—Fort
Worth 1997, pet. denied).
[I]f a party can amend its pleadings to come within a trial court's jurisdiction, reliance
upon section 16.064 is unnecessary; the party can avoid dismissal altogether through
proper repleading. Then, the party would not be in the wrong court and would not
suffer the "penalty of limitation bar" that section 16.064 is designed to protect
against.

Id. (citing Hotvedt v. Schlumberger, Ltd., 942 F.2d 294 (5th Cir. 1991) ("[T]actical decisions were
not meant to be remedied by the savings statute.")).


 Similarly, the Third Court of Appeals has stated
that the tolling provision
is designed to protect litigants who mistakenly file their action in the wrong court. 
In the present case, however, [the plaintiff] cannot be considered to have mistakenly
filed his action in the wrong court. . . . Rather . . . , [the plaintiff] simply filed the
wrong cause of action, regardless of where it was filed. This mistake is beyond the
scope and purpose of the tolling provision at issue.

Turner v. Tex. Dep't of Mental Health & Mental Retardation, 920 S.W.2d 415, 419 (Tex.
App.—Austin 1996, writ denied). While the Smith and Turner opinions offer guidance, each is
distinguishable from the case before us. In Smith, the second case was not filed in a "different
court," while in Turner, the two suits were determined not to be "the same action." Therefore, under
the clear language of Section 16.064, neither case qualified for the tolling it provides.
            Considering the plain meaning of the words used in Section 16.064, the policies generally
cited as justification for implementing statutes of limitations, and the liberal construction to which
tolling provisions are entitled, we are not persuaded that Fullenweider's mistaken reliance on the
Texas Family Code in the Montgomery County case removes the present case from within the scope
of Section 16.064. "Every consideration . . . for giving the [section] a liberal construction applies
here with equal force, and precludes a construction which would limit its application where no
limitation was expressed or necessarily implied." Burford, 186 S.W.2d at 315.
            We conclude that this case comes within the express language of, and therefore is subject to,
Section 16.064, because (1) the former action was dismissed by the Texas Supreme Court "because
of lack of jurisdiction in the trial court," (2) the "same action" was filed within sixty days after that
dismissal became final, and (3) it was brought "in a different court" that was "a court of proper
jurisdiction." Although the caption to Section 16.064's predecessor contained the phrase "in the
wrong court" (thus leading to its inclusion in the cases discussing it), see Burford, 186 S.W.2d at
310, the phrase appeared nowhere in the predecessor text and appears neither in the caption nor in
the text of Section 16.064.
            We are aware of no Texas caselaw specifically addressing the issue as it is presented here,
but note several cases in which the Texas Supreme Court has permitted tolling despite plaintiffs'
failures to correct mistakes in their pleadings until after the expiration of the limitations period. In
situations where a plaintiff has either misnamed or even completely misidentified the proper
defendant, for example, the Texas Supreme Court has nevertheless determined the applicable statutes
of limitations were tolled. See, e.g., Matthews Constr. Co. v. Rosen, 796 S.W.2d 692 (Tex. 1990); 
Cont'l S. Lines, Inc. v. Hilland, 528 S.W.2d 828 (Tex. 1975); Price v. Estate of Anderson, 522
S.W.2d 690 (Tex. 1975). The primary policy underlying statutes of limitations is "to compel the
assertion of a cause of action within a reasonable time so that the opposing party has a fair
opportunity to defend while witnesses are still available," Matthews Constr. Co., 796 S.W.2d at 694,
balancing "the benefits of precluding stale or spurious claims versus the risks of precluding
meritorious claims that happen to fall outside an arbitrarily set period." S.V. v. R.V., 933 S.W.2d 1,
6 (Tex. 1996); Sabine Towing & Transp. Co. v. Holliday Ins. Agency, Inc., 54 S.W.3d 57, 60 (Tex.
App.—Texarkana 2001, pet. denied). In Price, the court went as far as to say that, even though the
plaintiff made a mistake in her original pleadings, the defendant "was at all times fully cognizant of
the facts and could not have been misled as to the basis of the suit, nor was he placed at any
disadvantage in obtaining relevant evidence to defend the same." Price, 522 S.W.2d at 692. For this
reason, the court determined that it would be a misapplication of the statute of limitations to hold
that the plaintiff's claims were barred. Id.; see also Cont'l S. Lines, Inc., 528 S.W.2d at 831.
            Under the present facts, Brown certainly had notice of Fullenweider's claims from at least
the moment the Montgomery County case was served on him. To adopt Brown's narrow
construction of Section 16.064 would contravene the rule's purpose and its wording. Regardless of
the policies underlying statutes of limitations and the courts' emphasis on liberally construing the
tolling provision, however, Brown maintains his reading of Burford, that Section 16.064 applies only
when the first lawsuit was filed "in the wrong court." Chalmers v. Am. Nat'l Ins. Co., 103 S.W.2d
228, 229 (Tex. Civ. App.—El Paso 1937, no writ). Because the Montgomery County court could
properly have heard Fullenweider's claims, they would not have been dismissed had they been
pursued through the proper procedure. According to Brown, therefore, Fullenweider's claims fail
to meet the requirements of Section 16.064 because they cannot be considered to have been brought
in the wrong court.
            A careful reading of Burford and Chalmers fails to support any indication that the courts
meant to suggest that the "wrong court" was necessarily anything other than a court lacking
jurisdiction. Both cases, in fact, seem to imply that the terms are synonymous as applied to the
tolling provision. Brown would have us believe the tolling provision applies only when a court lacks
jurisdiction because it is the wrong court; instead, the Chalmers court simply stated: "In order for
the pendency and dismissal of a suit to toll the statute, the suit must have been first filed in a court
that lacked jurisdiction, or, as the caption of the act expressed it, 'in the wrong Court.'" Chalmers,
103 S.W.2d at 229 (emphasis added). This indicates nothing more than that the court considered the
"wrong court" to be one that wanted jurisdiction.
            Reaching the same conclusion, the United States Court of Appeals for the Fifth Circuit
directly addressed this issue in its analysis of Burford. See Griffen v. Big Spring Indep. Sch. Dist.,
706 F.2d 645, 651 (5th Cir. 1983). It reasoned that Burford recognized the statutory test turned on
whether the court in which the plaintiff first filed his lawsuit was a court of improper jurisdiction. 
The problem, however, was whether the first court in which the plaintiff filed could be considered
a court of improper jurisdiction (i.e., a "wrong court") when the court clearly had subject-matter
jurisdiction but chose not to exercise it. Id. at 651–52. Ultimately, the Fifth Circuit rejected the
attempt to read Burford's analysis of want of jurisdiction as some narrower kind of euphemism for
"wrong court" and stated that it would "not employ such an unnatural construction, especially when
'wrong court' was so clearly used to mean 'a court of improper jurisdiction.'" Id. We agree.
            Brown argues, in the face of the Texas Supreme Court's dismissal of the Montgomery County
court's judgment "for want of jurisdiction," Brown, 52 S.W.3d at 171, that the trial court in
Montgomery County "did not lack jurisdiction of the suit"—in fact, he calls its jurisdiction
"slumbering"—but that "[i]t simply lacked the judicial power to take an action on the motion filed
in a closed case." A court's power to decide a case or issue a decree, however, is the definition of
jurisdiction. Black's Law Dictionary 855 (7th ed. 1999).
            Venue—as distinguished from jurisdiction—is a distinct concept simply describing the
proper or possible place for a lawsuit. Id. at 1553.
The distinction must clearly be understood between jurisdiction, which is the power
to adjudicate, and venue, which relates to the place where judicial authority may be
exercised and is intended for the convenience of the litigants. It is possible for
jurisdiction to exist though venue in a particular district is improper, and it is possible
for a suit to be brought in the appropriate venue though it must be dismissed for lack
of jurisdiction.

Id. at 1554 (quoting Charles Alan Wright, The Law of Federal Courts § 42, at 257 (5th ed.
1994)). The Texas Supreme Court's judgment in the Montgomery County case recognized this
distinction when it held that Fullenweider failed to properly invoke jurisdiction, leaving the trial
court powerless to render judgment. Brown, 52 S.W.3d at 171. We hold, as did the Griffen court,
"that a dismissal specifically denoted a dismissal for want of jurisdiction is in fact a dismissal for
want of jurisdiction within the meaning of [Section 16.064]." Griffen, 706 F.2d at 652. The
applicable statute of limitations, therefore, was tolled, and the trial court properly entertained
Fullenweider's claims.
Attorney's Fees
            In his second point of error, Brown contends that litigants may be awarded reasonable and
necessary attorney's fees only in a case properly before the court and, only then, to the prevailing
party. He argues that it was improper for the Harris County court to award Fullenweider
$112,675.41


 in attorney's fees for legal services rendered in the Montgomery County case. Instead,
he says, the trial court should have limited the award to those fees incurred in prosecuting the Harris
County case.
            As a general rule, attorney's fees are not recoverable in Texas unless allowed by contract or
by statute, Dallas Cent. Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992); Jackson
v. Biotectronics, Inc., 937 S.W.2d 38, 44 (Tex. App.—Houston [14th Dist.] 1996, no writ), and
whether attorney's fees are available under a particular statute is a question of law, which we review
de novo, Pacesetter Pools, Inc. v. Pierce Homes, Inc., 86 S.W.3d 827, 833 (Tex. App.—Austin
2002, no pet.) (citing Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94 (Tex. 1999); Trinity Indus.,
Inc. v. Ashland, Inc., 53 S.W.3d 852, 868 (Tex. App.—Austin 2001, pet. denied)). Although the
contract between Brown and Fullenweider is silent as to any remedy for Brown's failure to pay fees,
Section 38.001 of the Texas Civil Practice and Remedies Code provides that attorney's fees may be
recoverable for services rendered or for claims on a written contract. Tex. Civ. Prac. & Rem. Code
Ann. § 38.001(1), (8) (Vernon 1997). In order to be awarded attorney's fees under the statute,
however, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and
(2) recover damages." Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997).
            It is with these two requirements that Brown and Fullenweider fundamentally disagree. The
prevailing party is typically described as the party to a suit that either successfully prosecutes the
action or defends against it, prevailing on the main issue, even though not to the extent of its original
contention. FDIC v. Graham, 882 S.W.2d 890, 900 (Tex. App.—Houston [14th Dist.] 1994, no
writ). Simply stated, the prevailing party is the party vindicated by the judgment rendered. Dear v.
City of Irving, 902 S.W.2d 731, 739 (Tex. App.—Austin 1995, writ denied). Fullenweider prevailed
in the case now on appeal, but not in the case originating in Montgomery County. The parties'
arguments, however, focus less on which of the parties prevailed than on what constitutes the action
itself.  Fullenweider  contends  that  the  Montgomery  County  and  Harris  County  cases  should
be viewed as one continuous action in which he ultimately prevailed, while Brown argues that each
case is distinct and must stand on its own.
            We are neither aware of, nor do the parties direct our attention to, any Texas statutory or case
law that supports Fullenweider's position that he is entitled to recover attorney's fees for services
rendered in a completely separate, albeit related, action. The Texas Supreme Court's dismissal of
the Montgomery County case for want of jurisdiction not only suggests that the cause of action was
not one for which attorney's fees were recoverable, but also effectively—and finally—terminated the
action without further hearing. See Black's Law Dictionary 482 (7th ed. 1999) (dismissal). The
trial court, therefore, improperly awarded Fullenweider those attorney's fees attributable to the
Montgomery County case and appeals.
Conclusion
            Accordingly, we reform the trial court's judgment, deleting the $112,675.41 in attorney's fees
for legal services rendered in the Montgomery County case, and affirm as reformed.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
 
DISSENTING OPINION
            I do not believe that Fullenweider is entitled to rely on Section 16.064 of the Texas Civil 
Practice and Remedies Code to toll the statute of limitations. Therefore, I respectfully dissent from
the majority opinion.
            The purpose of the statute is to prevent the statute of limitations from barring an action when
the plaintiff originally filed suit in the wrong court and the case was dismissed for want of
jurisdiction. Courts have expressed that this statute should be given a liberal construction with a
view of effectuating its manifest objective—relief from penalty of limitation bar to one who has
mistakenly brought his or her action in the wrong court. Burford v. Sun Oil Co., 186 S.W.2d 306,
310 (Tex. Civ. App.—Austin 1944, writ ref'd w.o.m.). Fullenweider did not file his original action
either "mistakenly" or "in the wrong court." 
            Fullenweider filed the original action to collect his attorney's fees in the Montgomery County
District Court where the divorce was granted. Clearly, if Fullenweider had merely filed a separate
suit for his attorney's fees, the Montgomery County District Court had jurisdiction. Tex. Const.
amend. V, § 8; Tex. Gov't Code Ann. §§ 24.007–.008, 24.505 (Vernon 2004). It was only because
Fullenweider filed suit in the original divorce action that he was unable to pursue the matter in the
Montgomery County District Court. The Texas Supreme Court held that the mechanism
Fullenweider attempted to use was designed for clarifying and enforcing divorce decrees and did not
relate to any issues other than those related to the division of a marital estate. Brown v.
Fullenweider, 52 S.W.3d 169, 171 (Tex. 2001). Otherwise, by this procedure, the parties would
have been denied the right to a jury trial on the disputed fee issue. Id. The Texas Supreme Court
held Fullenweider had not "properly invoked" jurisdiction. Id. This is not to say that the
Montgomery County District Court was the wrong court with no jurisdiction over a properly
presented dispute of the attorney's fees issue. This is very similar to the situation in Bell v. Moores,
No. 01-94-00826-CV, 1996 Tex. App. LEXIS 734 (Tex. App.—Houston [1st Dist.] Feb. 22, 1996,
no writ) (not designated for publication). In that case, a former spouse attempted to intervene in a
suit against her husband's employer to collect payments due him for writing a software program. Her
intervention was dismissed because she did not have standing. She also filed a bill of review, and
over four years later, after she acquired standing, she attempted to amend the bill of review to include
the claims initially asserted in the intervention. The court of appeals held that Section 16.064 deals
with tolling the statute of limitation when the first suit is filed in the wrong court. In Bell, the court
of appeals held that the trial court lacked jurisdiction because the spouse did not have standing—not
because she filed in the wrong court. Id. at *13. Therefore, Section 16.064 did not apply. Likewise,
here, the trial court did not lack jurisdiction because Fullenweider filed in the wrong court, but
because he filed it in a case in which the judgment was already final and in a proceeding designed
only to divide a marital estate.
            Second, Fullenweider did not bring his original suit "mistakenly." In Turner v. Tex. Dep't
of Mental Health & Mental Retardation, 920 S.W.2d 415 (Tex. App.—Austin 1996, writ denied),
the plaintiff had previously filed an action in federal court, which had been dismissed. The Austin
Court of Appeals assumed for analysis purposes that the federal court dismissed Turner's claim for
lack of jurisdiction. However, the court pointed out that Turner could not be considered to have
mistakenly filed his action in the wrong court. He could not have maintained his Section 1981 and
Section 1983 causes of action in either state or federal court. Rather than mistakenly filing his action
in the wrong court, Turner simply filed the wrong cause of action regardless of where it was filed. 
The court held such mistake was beyond the scope and purpose of the tolling provision at issue. Id.
at 419. 
            Fullenweider could not have maintained his original cause of action for the enforcement of
the divorce decree in any court other than the court of original continuing jurisdiction. Tex. Fam.
Code Ann. § 9.002 (Vernon 1998). To enforce the divorce judgment, filing in that court was not
a mistake, it was statutorily required. Fullenweider filed in a court of proper jurisdiction, but
apparently for strategic reasons, in a procedurally incorrect manner. Therefore, it is likewise beyond
the scope and purpose of the tolling provision at issue. 
            In Clary Corp. v. Smith, 949 S.W.2d 452 (Tex. App.—Fort Worth 1997, writ denied), a party
filed its first action in a county court at law and exceeded the monetary jurisdictional limit of the
court. Rather than amend the pleadings, the party allowed the original action to be dismissed and
refiled with a reduced damage claim. The court there held that Section 16.064 was not designed to
remedy such tactical decisions. The majority opinion distinguishes the Smith case, stating that the
second case was not filed in a "different court." However, the opinion in Smith held that one of the
grounds precluding the use of Section 16.064 was "because there is no evidence that they initially
mistakenly filed their counterclaim in the trial court they cannot rely on Section 16.064(a) to save
their claims from limitations." Id. at 461. Likewise, there is no evidence that Fullenweider
mistakenly filed his original claim. Just as in the Smith case, the filing of the original claim was
based on tactical decisions, but it was certainly not inadvertently or mistakenly filed in the
Montgomery County District Court. Just as in Smith, Fullenweider should likewise not be able to
rely on Section 16.064 to save his claim from limitations.
            The majority refers to the policy underlying statutes of limitations to ensure the timely
presentation of a cause of action. There is also a policy to avoid unnecessary litigation. See Tex.
Beef Cattle Co. v. Green, 921 S.W.2d 203, 208 (Tex. 1996). Fullenweider's claim against Brown
is a simple suit for attorney's fees incurred. As a result of the novel and unorthodox procedure
instituted by Fullenweider to collect these fees, this simple case has thus far been before the trial
court twice, two courts of appeals, and the Texas Supreme Court, when it could have been disposed
of promptly and at much less expense to the parties by traditional methods. 
            Finally, I do not understand why the majority opinion instructs on the distinction between
venue and jurisdiction. The abstract statements are accurate, but unnecessary. Neither of the parties
have raised this as an issue, the Texas Supreme Court opinion in this case does not mention it, and
it has no application to this case. 
            Based on the above, it is my conclusion that the statute of limitations precludes the assertion
of this cause of action and I respectfully dissent from that portion of the judgment and opinion of this
Court.
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          March 11, 2004
Date Decided:             May 4, 2004