Michael G. BROWN, M.D., Appellant,

v.

Donn C. FULLENWEIDER, Individually and as Representative of J.D. "Bucky" Allshouse; J. Michael Hill; and Joseph Constantino, Appellees.

No. 06–03–00051–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 11, 2004.

Decided May 4, 2004.

Rehearing Overruled May 25, 2004.

---

Richard N. Countiss, Countiss Law Firm, for appellant.

Thomas G. Bousquet, Linda K. Jackson, Bousquet & Jackson, PC, Houston, TX, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Attorney Donn C. Fullenweider's first effort to collect attorney's fees from his

former client, Michael G. Brown, M.D., failed when the Texas Supreme Court vacated the first judgment he had obtained against Brown and dismissed Fullenweider's action for want of jurisdiction. We are called on to decide whether Fullenweider's second effort—and judgment against Brown—will fail.

In June 1994, Brown retained Fullenweider to represent him in divorce proceedings, agreeing to pay legal fees and expenses. After the parties in the divorce proceedings successfully reached a mediated agreement, the 359th Judicial District Court of Montgomery County entered a final divorce decree in December 1994. Almost three years later, after Brown's persistent refusal and failure to pay Fullenweider's charges, Fullenweider attempted to collect the unpaid fees by filing a motion to enforce the divorce decree under Sections 9.001 and 9.002 of the Texas Family Code, claiming he was an affected party. *See* TEX. FAM.CODE ANN. §§ 9.001–9.002 (Vernon 1998). Both the trial court and the Ninth Court of Appeals allowed Fullenweider to pursue this avenue to collection. The Texas Supreme Court, however, reversed the judgment of the court of appeals and vacated the judgment of the trial court, dismissing the action for want of jurisdiction. *Brown v. Fullenweider*, 7 S.W.3d 333 (Tex.App.-Beaumont 1999), *rev'd*, 52 S.W.3d 169 (Tex.2001) (per curiam).

After the Texas Supreme Court's reversal, Fullenweider filed his collection lawsuit in the 133rd Judicial District Court of Harris County, asserting that Section 16.064 of the Texas Civil Practice and Remedies Code tolled the applicable stat-

ute of limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.004 (Vernon 2002), § 16.064 (Vernon 1997). The trial court agreed, found Brown in breach of the contract, and awarded Fullenweider a total of $406,648.27, including interest and attorney's fees.[1] Brown now appeals contending (1) Fullenweider's claims are barred by Section 16.004's four-year statute of limitations because the tolling provision of Section 16.064 is inapplicable, and (2) even if the tolling provision does apply, the trial court erred in awarding attorney's fees incurred in a related, but separate lawsuit. We eliminate from the judgment the attorney's fees incurred in the first effort, but affirm the judgment as modified.

*Limitations and Lack of Jurisdiction*

In his first point of error, Brown argues that Section 16.064 protects litigants who file cases in the wrong court by allowing them to refile in the correct court within sixty days, but that the provision is not designed to toll the limitations period for litigants who file in a proper court but in a procedurally incorrect way.

Whether Section 16.064 applies in the present situation is a question of law, which we review de novo. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex.2002). Because Brown does not contend Fullenweider filed the Montgomery County case with intentional disregard of proper jurisdiction, we address only the portion of Section 16.064 that provides:

> The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if: (1) because of lack of

---

1. The trial court awarded $176,753.39 to Fullenweider for his original attorney's fee claim, $2,312.50 to J.D. Allshouse for mediation services, $12,987.50 to J. Michael Hill for expert services, $2,719.81 to Joseph Constantino for

expert services, and $192,982.31 in attorney's fees for legal services provided in both the case underlying this appeal and for the trial and appeals of the case originating in the Montgomery County court.

jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.064(a). Conceding Fullenweider filed this case within sixty days following the Texas Supreme Court's judgment in the Montgomery County case, Brown argues the tolling provision is still inapplicable because the first case was not filed in the wrong court.

Providing some insight into the predecessor to Section 16.064, the Third Court of Appeals has stated:

It is manifest that the [tolling provision] is remedial in its every essence. It should therefore be given a liberal construction with a view of effectuating its manifest objective—relief from penalty of limitation bar to one who has mistakenly brought his action "in the wrong court." So construed, it is clear that the [tolling provision] was intended to cover every case where the effect of the final judgment or order of the first court was tantamount to a dismissal because the action was mistakenly but in good faith brought in the wrong court.

*Burford v. Sun Oil Co.*, 186 S.W.2d 306, 310 (Tex.Civ.App.-Austin 1944, writ ref'd w.o.m.) (citation omitted). Despite *Burford's* emphasis on liberally construing the tolling provision, Brown focuses on its repeated use of the phrase "in the wrong court." He reasons that, because Fullenweider could have invoked the Montgomery County court's jurisdiction through proper pleading, the action was not originally brought "in the wrong court" as that phrase was applied in *Burford*. If Brown's position is correct and the literal application of this phrase is prerequisite to activating the tolling provision, then Fullenweider's claims are barred by the statute of limitations and this Court must reverse the judgment of the trial court.

Decisions in at least two sister courts seem to support Brown's analysis. The Second Court of Appeals, for example, has indicated that, although the tolling provision is to be liberally construed, its reach is not limitless. *Clary Corp. v. Smith*, 949 S.W.2d 452, 461 (Tex.App.-Fort Worth 1997, pet. denied).

[I]f a party can amend its pleadings to come within a trial court's jurisdiction, reliance upon section 16.064 is unnecessary; the party can avoid dismissal altogether through proper repleading. Then, the party would not be in the wrong court and would not suffer the "penalty of limitation bar" that section 16.064 is designed to protect against.

*Id.* (citing *Hotvedt v. Schlumberger, Ltd.*, 942 F.2d 294 (5th Cir.1991) ("[T]actical decisions were not meant to be remedied by the savings statute.")).[2] Similarly, the Third Court of Appeals has stated that the tolling provision

---

**2.** The dissenting opinion in this case correctly notes that *Smith* refused to apply Section 16.064, in part, "because there is no evidence that [two claimants] initially mistakenly filed their counterclaim in the trial court." *Clary Corp. v. Smith*, 949 S.W.2d 452, 461 (Tex. App.-Fort Worth 1997, pet. denied). To that extent, we respectfully disagree with *Smith* and the dissent. We also find unpersuasive the unpublished opinion in *Bell v. Moores*, No. 01–94–00826–CV (Tex.App.-Houston [1st Dist.] Feb. 22, 1996, no writ) (not designated for publication), also mentioned in the dissent, which held Section 16.064 inapplicable, given that the claimant lacked standing when filing the first claim, because that first claim was not filed in the "wrong court." We fail to find in the text of Section 16.064(a) either a requirement that the first filing be a "mistake" or that it be filed in the "wrong court."

is designed to protect litigants who mistakenly file their action in the wrong court. In the present case, however, [the plaintiff] cannot be considered to have mistakenly filed his action in the wrong court.... Rather ..., [the plaintiff] simply filed the wrong cause of action, regardless of where it was filed. This mistake is beyond the scope and purpose of the tolling provision at issue. *Turner v. Tex. Dep't of Mental Health & Mental Retardation*, 920 S.W.2d 415, 419 (Tex.App.-Austin 1996, writ denied). While the *Smith* and *Turner* opinions offer guidance, each is distinguishable from the case before us. In *Smith*, the second case was not filed in a "different court," while in *Turner*, the two suits were determined not to be "the same action." Therefore, under the clear language of Section 16.064, neither case qualified for the tolling it provides.

Considering the plain meaning of the words used in Section 16.064, the policies generally cited as justification for implementing statutes of limitations, and the liberal construction to which tolling provisions are entitled, we are not persuaded that Fullenweider's mistaken reliance on the Texas Family Code in the Montgomery County case removes the present case from within the scope of Section 16.064. "Every consideration ... for giving the [section] a liberal construction applies here with equal force, and precludes a construction which would limit its application where no limitation was expressed or necessarily implied." *Burford*, 186 S.W.2d at 315.

We conclude that this case comes within the express language of, and therefore is subject to, Section 16.064, because (1) the former action was dismissed by the Texas Supreme Court "because of lack of jurisdiction in the trial court," (2) the "same action" was filed within sixty days after that dismissal became final, and (3) it was brought "in a different court" that was "a court of proper jurisdiction." Although the caption to Section 16.064's predecessor contained the phrase "in the wrong court" (thus leading to its inclusion in the cases discussing it), *see Burford*, 186 S.W.2d at 310, the phrase appeared nowhere in the predecessor text and appears neither in the caption nor in the text of Section 16.064.

■ We are aware of no Texas caselaw specifically addressing the issue as it is presented here, but note several cases in which the Texas Supreme Court has permitted tolling despite plaintiffs' failures to correct mistakes in their pleadings until after the expiration of the limitations period. In situations where a plaintiff has either misnamed or even completely misidentified the proper defendant, for example, the Texas Supreme Court has nevertheless determined the applicable statutes of limitations were tolled. *See, e.g., Matthews Constr. Co. v. Rosen*, 796 S.W.2d 692 (Tex.1990); *Cont'l S. Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex.1975); *Price v. Estate of Anderson*, 522 S.W.2d 690 (Tex. 1975). The primary policy underlying statutes of limitations is "to compel the assertion of a cause of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are still available," *Matthews Constr. Co.*, 796 S.W.2d at 694, balancing "the benefits of precluding stale or spurious claims versus the risks of precluding meritorious claims that happen to fall outside an arbitrarily set period." *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex.1996); *Sabine Towing & Transp. Co. v. Holliday Ins. Agency, Inc.*, 54 S.W.3d 57, 60 (Tex.App.-Texarkana 2001, pet. denied). In *Price*, the court went as far as to say that, even though the plaintiff made a mistake in her original pleadings, the defendant "was at

all times fully cognizant of the facts and could not have been misled as to the basis of the suit, nor was he placed at any disadvantage in obtaining relevant evidence to defend the same." *Price,* 522 S.W.2d at 692. For this reason, the court determined that it would be a misapplication of the statute of limitations to hold that the plaintiff's claims were barred. *Id.; see also Cont'l S. Lines, Inc.,* 528 S.W.2d at 831.

Under the present facts, Brown certainly had notice of Fullenweider's claims from at least the moment the Montgomery County case was served on him. To adopt Brown's narrow construction of Section 16.064 would contravene the rule's purpose and its wording. Regardless of the policies underlying statutes of limitations and the courts' emphasis on liberally construing the tolling provision, however, Brown maintains his reading of *Burford,* that Section 16.064 applies only when the first lawsuit was filed "in the wrong court." *Chalmers v. Am. Nat'l Ins. Co.,* 103 S.W.2d 228, 229 (Tex.Civ.App.-El Paso 1937, no writ). Because the Montgomery County court could properly have heard Fullenweider's claims, they would not have been dismissed had they been pursued through the proper procedure. According to Brown, therefore, Fullenweider's claims fail to meet the requirements of Section 16.064 because they cannot be considered to have been brought in the wrong court.

A careful reading of *Burford* and *Chalmers* fails to support any indication that the courts meant to suggest that the "wrong court" was necessarily anything other than a court lacking jurisdiction. Both cases, in fact, seem to imply that the terms are synonymous as applied to the tolling provision. Brown would have us believe the tolling provision applies only when a court lacks jurisdiction *because* it is the wrong court; instead, the *Chalmers*

court simply stated: "In order for the pendency and dismissal of a suit to toll the statute, the suit must have been first filed in a court that lacked jurisdiction, *or, as the caption of the act expressed it,* 'in the wrong Court.'" *Chalmers,* 103 S.W.2d at 229 (emphasis added). This indicates nothing more than that the court considered the "wrong court" to be one that wanted jurisdiction.

Reaching the same conclusion, the United States Court of Appeals for the Fifth Circuit directly addressed this issue in its analysis of *Burford. See Griffen v. Big Spring Indep. Sch. Dist.,* 706 F.2d 645, 651 (5th Cir.1983). It reasoned that *Burford* recognized the statutory test turned on whether the court in which the plaintiff first filed his lawsuit was a court of improper jurisdiction. The problem, however, was whether the first court in which the plaintiff filed could be considered a court of improper jurisdiction (i.e., a "wrong court") when the court clearly had subject-matter jurisdiction but chose not to exercise it. *Id.* at 651–52. Ultimately, the Fifth Circuit rejected the attempt to read *Burford's* analysis of want of jurisdiction as some narrower kind of euphemism for "wrong court" and stated that it would "not employ such an unnatural construction, especially when 'wrong court' was so clearly used to mean 'a court of improper jurisdiction.'" *Id.* We agree.

Brown argues, in the face of the Texas Supreme Court's dismissal of the Montgomery County court's judgment "for want of jurisdiction," *Brown,* 52 S.W.3d at 171, that the trial court in Montgomery County "did not lack jurisdiction of the suit"—in fact, he calls its jurisdiction "slumbering"—but that "[i]t simply lacked the judicial power to take an action on the motion filed in a closed case." A court's power to decide a case or issue a decree, however, *is*

the definition of jurisdiction. BLACK'S LAW DICTIONARY 855 (7th ed.1999).

Venue—as distinguished from jurisdiction—is a distinct concept simply describing the proper or possible place for a lawsuit. *Id.* at 1553.

> The distinction must clearly be understood between jurisdiction, which is the power to adjudicate, and venue, which relates to the place where judicial authority may be exercised and is intended for the convenience of the litigants. It is possible for jurisdiction to exist though venue in a particular district is improper, and it is possible for a suit to be brought in the appropriate venue though it must be dismissed for lack of jurisdiction.

*Id.* at 1554 (quoting CHARLES ALAN WRIGHT, THE LAW OF FEDERAL COURTS § 42, at 257 (5th ed.1994)). The Texas Supreme Court's judgment in the Montgomery County case recognized this distinction when it held that Fullenweider failed to properly invoke jurisdiction, leaving the trial court powerless to render judgment. *Brown,* 52 S.W.3d at 171. We hold, as did the *Griffen* court, "that a dismissal specifically denoted a dismissal for want of jurisdiction is in fact a dismissal for want of jurisdiction within the meaning of [Section 16.064]." *Griffen,* 706 F.2d at 652. The applicable statute of limitations, therefore, was tolled, and the trial court properly entertained Fullenweider's claims.

*Attorney's Fees*

■ In his second point of error, Brown contends that litigants may be awarded reasonable and necessary attorney's fees

only in a case properly before the court and, only then, to the prevailing party. He argues that it was improper for the Harris County court to award Fullenweider $112,675.41 [3] in attorney's fees for legal services rendered in the Montgomery County case. Instead, he says, the trial court should have limited the award to those fees incurred in prosecuting the Harris County case.

■ As a general rule, attorney's fees are not recoverable in Texas unless allowed by contract or by statute, *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex.1992); *Jackson v. Biotectronics, Inc.,* 937 S.W.2d 38, 44 (Tex. App.-Houston [14th Dist.] 1996, no writ), and whether attorney's fees are available under a particular statute is a question of law, which we review de novo, *Pacesetter Pools, Inc. v. Pierce Homes, Inc.,* 86 S.W.3d 827, 833 (Tex.App.-Austin 2002, no pet.) (citing *Holland v. Wal–Mart Stores, Inc.,* 1 S.W.3d 91, 94 (Tex.1999); *Trinity Indus., Inc. v. Ashland, Inc.,* 53 S.W.3d 852, 868 (Tex.App.-Austin 2001, pet. denied)). Although the contract between Brown and Fullenweider is silent as to any remedy for Brown's failure to pay fees, Section 38.001 of the Texas Civil Practice and Remedies Code provides that attorney's fees may be recoverable for services rendered or for claims on a written contract. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(1), (8) (Vernon 1997). In order to be awarded attorney's fees under the statute, however, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages."

---

**3.** The $112,675.41 figure is composed of (1) $21,924.16 aggregation of attorney's fees and prejudgment interest awarded in paragraph (C) of the final judgment dated December 12, 2002, a sum attributed to Thomas G. Bousquet for legal services provided in the Montgomery County case and subsequent appeals;

(2) $63,395.00 attributed to Cruse, Scott & Henderson, and (3) $27,356.25 attributable to the Montgomery County action out of the $34,325.65 awarded to Fullenweider for in-house fees and costs incurred assisting his attorneys.

*Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997).

■ It is with these two requirements that Brown and Fullenweider fundamentally disagree. The prevailing party is typically described as the party to a suit that either successfully prosecutes the action or defends against it, prevailing on the main issue, even though not to the extent of its original contention. *FDIC v. Graham,* 882 S.W.2d 890, 900 (Tex.App.-Houston [14th Dist.] 1994, no writ). Simply stated, the prevailing party is the party vindicated by the judgment rendered. *Dear v. City of Irving,* 902 S.W.2d 731, 739 (Tex.App.-Austin 1995, writ denied). Fullenweider prevailed in the case now on appeal, but not in the case originating in Montgomery County. The parties' arguments, however, focus less on which of the parties prevailed than on what constitutes the action itself. Fullenweider contends that the Montgomery County and Harris County cases should be viewed as one continuous action in which he ultimately prevailed, while Brown argues that each case is distinct and must stand on its own.

We are neither aware of, nor do the parties direct our attention to, any Texas statutory or case law that supports Fullenweider's position that he is entitled to recover attorney's fees for services rendered in a completely separate, albeit related, action. The Texas Supreme Court's dismissal of the Montgomery County case for want of jurisdiction not only suggests that the cause of action was not one for which attorney's fees were recoverable, but also effectively—and finally—terminated the action without further hearing. *See* BLACK'S LAW DICTIONARY 482 (7th ed.1999) (dismissal). The trial court, therefore, improperly awarded Fullenweider those attorney's fees attributable to the Montgomery County case and appeals.

*Conclusion*

Accordingly, we reform the trial court's judgment, deleting the $112,675.41 in attorney's fees for legal services rendered in the Montgomery County case, and affirm as reformed.

Dissenting Opinion by Justice CARTER.

JACK CARTER, Justice, dissenting.

I do not believe that Fullenweider is entitled to rely on Section 16.064 of the Texas Civil Practice and Remedies Code to toll the statute of limitations. Therefore, I respectfully dissent from the majority opinion.

The purpose of the statute is to prevent the statute of limitations from barring an action when the plaintiff originally filed suit in the wrong court and the case was dismissed for want of jurisdiction. Courts have expressed that this statute should be given a liberal construction with a view of effectuating its manifest objective—relief from penalty of limitation bar to one who has mistakenly brought his or her action in the wrong court. *Burford v. Sun Oil Co.,* 186 S.W.2d 306, 310 (Tex.Civ.App.-Austin 1944, writ ref'd w.o.m.). Fullenweider did not file his original action either "mistakenly" or "in the wrong court."

Fullenweider filed the original action to collect his attorney's fees in the Montgomery County District Court where the divorce was granted. Clearly, if Fullenweider had merely filed a separate suit for his attorney's fees, the Montgomery County District Court had jurisdiction. TEX. CONST. amend. V, § 8; TEX. GOV'T CODE ANN. §§ 24.007–.008, 24.505 (Vernon 2004). It was only because Fullenweider filed suit in the original divorce action that he was unable to pursue the matter in the Montgomery County District Court. The Texas Supreme Court held that the mechanism

Fullenweider attempted to use was designed for clarifying and enforcing divorce decrees and did not relate to any issues other than those related to the division of a marital estate. *Brown v. Fullenweider,* 52 S.W.3d 169, 171 (Tex.2001). Otherwise, by this procedure, the parties would have been denied the right to a jury trial on the disputed fee issue. *Id.* The Texas Supreme Court held Fullenweider had not "properly invoked" jurisdiction. *Id.* This is not to say that the Montgomery County District Court was the wrong court with no jurisdiction over a properly presented dispute of the attorney's fees issue. This is very similar to the situation in *Bell v. Moores,* No. 01–94–00826–CV, 1996 WL 74099, (Tex.App.-Houston [1st Dist.] Feb. 22, 1996, no writ) (not designated for publication). In that case, a former spouse attempted to intervene in a suit against her husband's employer to collect payments due him for writing a software program. Her intervention was dismissed because she did not have standing. She also filed a bill of review, and over four years later, after she acquired standing, she attempted to amend the bill of review to include the claims initially asserted in the intervention. The court of appeals held that Section 16.064 deals with tolling the statute of limitation when the first suit is filed in the wrong court. In *Bell,* the court of appeals held that the trial court *lacked jurisdiction* because the spouse did not have standing—not because she filed in the wrong court. *Id.* at * 5. Therefore, Section 16.064 did not apply. Likewise, here, the trial court did not lack jurisdiction because Fullenweider filed in the wrong court, but because he filed it in a case in which the judgment was already final and in a proceeding designed only to divide a marital estate.

Second, Fullenweider did not bring his original suit "mistakenly." In *Turner v. Tex. Dep't of Mental Health & Mental Retardation,* 920 S.W.2d 415 (Tex.App.-Austin 1996, writ denied), the plaintiff had previously filed an action in federal court, which had been dismissed. The Austin Court of Appeals assumed for analysis purposes that the federal court dismissed Turner's claim for lack of jurisdiction. However, the court pointed out that Turner could not be considered to have mistakenly filed his action in the wrong court. He could not have maintained his Section 1981 and Section 1983 causes of action in either state or federal court. Rather than mistakenly filing his action in the wrong court, Turner simply filed the wrong cause of action regardless of where it was filed. The court held such mistake was beyond the scope and purpose of the tolling provision at issue. *Id.* at 419.

Fullenweider could not have maintained his original cause of action for the enforcement of the divorce decree in any court other than the court of original continuing jurisdiction. Tex. Fam.Code Ann. § 9.002 (Vernon 1998). To enforce the divorce judgment, filing in that court was not a mistake, it was statutorily required. Fullenweider filed in a court of proper jurisdiction, but apparently for strategic reasons, in a procedurally incorrect manner. Therefore, it is likewise beyond the scope and purpose of the tolling provision at issue.

In *Clary Corp. v. Smith,* 949 S.W.2d 452 (Tex.App.-Fort Worth 1997, writ denied), a party filed its first action in a county court at law and exceeded the monetary jurisdictional limit of the court. Rather than amend the pleadings, the party allowed the original action to be dismissed and refiled with a reduced damage claim. The court there held that Section 16.064 was not designed to remedy such tactical decisions. The majority opinion distinguishes the *Smith* case, stating that the second case was not filed in a "different court." How-

ever, the opinion in *Smith* held that one of the grounds precluding the use of Section 16.064 was "because there is no evidence that they initially mistakenly filed their counterclaim in the trial court they cannot rely on Section 16.064(a) to save their claims from limitations." *Id.* at 461. Likewise, there is no evidence that Fullenweider mistakenly filed his original claim. Just as in the *Smith* case, the filing of the original claim was based on tactical decisions, but it was certainly not inadvertently or mistakenly filed in the Montgomery County District Court. Just as in *Smith,* Fullenweider should likewise not be able to rely on Section 16.064 to save his claim from limitations.

The majority refers to the policy underlying statutes of limitations to ensure the timely presentation of a cause of action. There is also a policy to avoid unnecessary litigation. *See Tex. Beef Cattle Co. v. Green,* 921 S.W.2d 203, 208 (Tex.1996). Fullenweider's claim against Brown is a simple suit for attorney's fees incurred. As a result of the novel and unorthodox procedure instituted by Fullenweider to collect these fees, this simple case has thus far been before the trial court twice, two courts of appeals, and the Texas Supreme Court, when it could have been disposed of promptly and at much less expense to the parties by traditional methods.

Finally, I do not understand why the majority opinion instructs on the distinction between venue and jurisdiction. The abstract statements are accurate, but unnecessary. Neither of the parties have raised this as an issue, the Texas Supreme Court opinion in this case does not mention it, and it has no application to this case.

Based on the above, it is my conclusion that the statute of limitations precludes the assertion of this cause of action and I respectfully dissent from that portion of the judgment and opinion of this Court.