Michael G. BROWN, M.D., Petitioner,

v.

Donn C. FULLENWEIDER, individually, and on behalf of J.D. "Bucky" Allshouse, J. Michael Hill, and Joseph Constantino, Respondents.

No. 00–0137.

Supreme Court of Texas.

March 29, 2001.

Rehearing Overruled Sept. 20, 2001.

Richard N. Countiss, Law Office of Richard N. Countiss, George R. Neely, Houston, for petitioner.

Billy Shepherd, Cruse Scott Henderson & Allen, Thomas G. Bousquet, Bousquet & Jackson, John D. Vogel, Cruse Scott Henderson & Allen, Linda A. Hinds, Fullenweider & Wardell, Houston, for respondents.

PER CURIAM.

Former section 3.70(a) of the Family Code provided in pertinent part that "[a] court order or the portion of a decree of divorce or annulment providing for a division of property ... may be enforced by

the filing of a motion as provided by this subchapter in the court that rendered the decree by any party affected by the order or decree."[1] The question in this case is whether a party's attorney may file a motion under this provision to collect fees from his own client. The court of appeals answered in the affirmative.[2] We disagree, reverse the court of appeals' judgment, and dismiss the action as having been outside the trial court's jurisdiction.

Attorney Donn Fullenweider represented Michael G. Brown in his divorce action. The December 1994 final consent decree ordered the parties to divide their assets and liabilities in accordance with their agreement incident to divorce and to "do all necessary acts to carry out the provisions of the agreement." The agreement provided that Brown was to pay his own attorney fees. The decree itself made no mention of attorney fees.

In February 1996, Fullenweider filed a motion in the divorce case under what was then section 3.70 of the Family Code,[3] asking the court to enforce the decree by granting him judgment against Brown for unpaid fees, or to "clarify" the decree if it was insufficiently specific for enforcement. He also asserted claims based on sworn account, contract, and quantum meruit. Brown moved to dismiss the motion, arguing that Fullenweider was not a "party affected" by a divorce decree under section 3.70, and thus he had no standing to proceed under that statute and the court lacked jurisdiction over his motion. The

court denied Brown's motion and at Fullenweider's request severed the motion from the divorce case and ordered that it be docketed as a separate proceeding in the same court. Brown then counterclaimed for malpractice. The court granted Fullenweider summary judgment on both his claims and Brown's in November 1997.

Brown appealed, arguing that the trial court did not have jurisdiction over Fullenweider's motion and therefore could not sever it into a separate proceeding.[4] The court of appeals, by a divided vote, rejected Brown's argument, holding that the divorce decree awarded Fullenweider attorney fees against his client and that Fullenweider was a "party affected" by the decree and entitled to move for enforcement and clarification under section 3.70.[5] Brown petitioned this Court for review.

■ We disagree with the court of appeals for two reasons. First, the divorce decree did not award Fullenweider attorney fees against Brown, his own client; it merely allocated responsibility for any such fees between Brown and his former wife as part of the division of their marital estate. The agreement did the same for all the parties' obligations. By providing that Brown was responsible for his vehicle lease obligation the decree made no award that the leasing company could enforce by motion under section 3.70. Fullenweider was in no different position.

■ Second, the obvious purpose of former sections 3.70–.77 of the Family Code,

1. Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 2, 1983 Tex.Gen.Laws 2346, 2350) (recodified as TEX.FAM.CODE § 9.001(a), Act of April 3, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 Tex.Gen.Laws 8, 37). This action was unaffected by 1997 statutory changes. *See* Act of April 3, 1997, 75th Leg., R.S., ch. 7, § 4, 1997 Tex .Gen.Laws 8, 43 (stating that the recodification of certain provisions of the Family Code, including section 3.70, did not affect proceedings pending on April 17, 1997, the

effective date of the Act, and that such proceedings were to be governed by the law in effect at the time they were commenced).

2. 7 S.W.3d 333 (Tex.App.-Beaumont 1999).

3. *Supra* note 1.

4. 7 S.W.3d at 334.

5. *Id.* at 335–336.

currently sections 9.001–.014, was to provide an expeditious procedure for enforcing and clarifying property divisions in divorce decrees. For example, section 3.70(c) provided that a court retained "the power to enforce the property division" in a divorce decree for two years from certain specified dates.[6] Section 3.70(d) stated that a motion could not be made to enforce property that was not divided in the decree.[7] Section 3.70(e) denied a party the right to trial by jury.[8] Section 3.71 was entitled "Enforcement of Division of Property" and dealt only with that subject.[9] Section 3.72 provided for clarification of "the original form of the division of property".[10] We need not describe every other provision related to section 3.70 proceedings. Suffice it to say that none contemplates that such proceedings would involve any issues other than those related to the division of a marital estate. An attorney's claim against his client for fees is not such an issue. It is wholly implausible that the Legislature intended to deny an attorney and client the right to trial by jury in a dispute over fees related to a divorce proceeding.

Fullenweider's motion was filed long after the trial court's plenary jurisdiction over the Brown divorce case had terminated, and jurisdiction was not properly invoked under section 3.70. Thus, the trial court had no power to sever the motion into a separate proceeding in the same court, and no jurisdiction to render judgment in that proceeding. Accordingly, without hearing oral argument,[11] the Court reverses the judgment of the court of appeals, vacates the judgment of the trial court, and dismisses the action for want of jurisdiction.

O'NEILL, J., did not participate in the decision.

6. Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 2, 1983 Tex.Gen.Laws 2346, 2350) (recodified as Tex.Fam.Code § 9.002 .003, Act of April 3, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 Tex.Gen.Laws 8, 37).

7. Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 2, 1983 Tex.Gen.Laws 2346, 2350) (recodified as Tex.Fam.Code § 9.004, Act of April 3, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 Tex.Gen.Laws 8, 37).

8. Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 2, 1983 Tex.Gen.Laws 2346, 2351) (recodified as Tex.Fam.Code § 9.005, Act of April 3, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 Tex.Gen.Laws 8, 37).

9. Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 2, 1983 Tex.Gen.Laws 2346, 2351) (recodified as Tex.Fam.Code § 9.006–.007, Act of April 3, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 Tex.Gen.Laws 8, 37–38).

10. Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 2, 1983 Tex.Gen.Laws 2346, 2351) (recodified as Tex.Fam Code § 9.008, Act of April 3, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 Tex.Gen.Laws 8, 38).

11. Tex.R.App.P. 59.1.