DISMISSAL FORM FOR CIVIL CASES ON ANT'S MOTION /SETTLEMENT 




 NO. 12-02-00049-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




LAW OFFICES OF H. HUDSON HENLEY

AND DANZIGER & DE LLANO,
§
 APPEAL FROM THE THIRD

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF


DANA G. KIRK,

APPELLEE
§
 HENDERSON COUNTY, TEXAS







MEMORANDUM OPINION (1)


 This is an appeal from an order denying a motion to vacate an arbitration award and from the
final judgment on the arbitration award. Appellee has filed a motion to dismiss for lack of
jurisdiction, and all other parties to the appeal have been given notice of the filing of this motion. 
The procedural history of the underlying controversy is extensive, and we therefore recite the
pertinent facts.


Background


 In 1997, Appellants as referring attorneys and Appellee as the lead attorney entered into a fee
agreement for a division of all attorney's fees recovered in a lawsuit ("the Abbot lawsuit") filed in
Henderson County, Texas. The Abbot lawsuit was subsequently consolidated with two other
pending cases involving similar claims by other plaintiffs represented by different lawyers. 
Eventually the three cases were settled, and a special master was appointed to administer the
settlement fund, which included the attorney's fees to be distributed to Appellants and Appellee. The trial court entered its final judgment on December 8, 2000. The judgment bears the
captions of all three cases and recites that the cases were consolidated for the purpose "of entry of
final judgment upon the settlement of all claims between all of the parties to all of these matters."
The judgment further recites that "[t]his is a final judgment." No post-judgment motion or appeal
was filed from the final judgment.

 At some point, a dispute arose between Appellants and Appellee concerning the division of
the attorney's fees. On August 6, 2001, Appellee filed a motion to disburse the remaining attorney's
fees that were in dispute and held by the special master. Appellants and Appellee entered into a
handwritten agreement to settle their dispute "by binding, non-appealable, arbitration" and filed their
agreement with the trial court. 

 The trial court appointed an arbitrator as requested by Appellants and Appellee, and the fee
dispute was submitted to arbitration. On October 26, 2001, the arbitrator filed his award. On
November 1, 2001, Appellants filed a motion to vacate the arbitrator's award, and Appellee moved
for judgment on the award. At the hearing on the pending motions, Appellants asked to sever the
fee dispute, and the judge expressed reservations about his jurisdiction. The trial court denied
Appellants' motion to vacate and requested that the arbitrator submit an amended award specifying
the amounts involved. 

 On December 11, 2001, Appellants filed a notice of appeal. The arbitrator filed his amended
award, and on January 17, 2002, the trial court signed a "Final Judgment on Arbitration Award and
Order of Severance." The judgment ordered the distribution of the remaining funds in question and
recited that "this Final Judgment on Arbitration Award shall be severed from the above numbered
and styled causes...." The consolidated cases were named in the caption of the judgment. All
pleadings and other documents filed after December 8, 2000, except the parties' agreement to
arbitrate, bore the caption of the Abbot lawsuit or the captions of the consolidated cases. The
arbitration agreement did not refer to any case. 

 On February 5, 2002, Appellants filed an amended notice of appeal, but changed the caption
to "Cause No. 97A-256A, Law Office of H. Hudson Henley and Danziger & De Llano v. Dana G.
Kirk." By its amended notice, Appellants purport to appeal the trial court's denial of their motion
to vacate the arbitration award as well as the final judgment on the award. This amended notice is
the first time the names of Appellants and Appellee appeared in any caption on any pleading. The
record does not indicate that any of the parties to this appeal were ever named as parties in the
consolidated cases or that Appellee was ever served with citation and a petition for any claim
Appellants assert against Appellee in this appeal.


Analysis


 A trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform
a judgment within thirty days after the judgment is signed. Tex. R. Civ. P. 329b(d). Thus, the trial
court lost its plenary jurisdiction in the consolidated cases on January 7, 2001. 

 Appellants filed their motion to vacate the arbitration award on November 1, 2001, and the
trial court entered its final judgment on the arbitration award on January 17, 2002. Both dates are
after the trial court's plenary jurisdiction expired. Consequently, the trial court had no jurisdiction
to rule on the motion to vacate the arbitration award or to enter the final judgment on the arbitration
award and sever the fee dispute. See Brown v. Fullenweider, 52 S.W.3d 169, 171 (Tex. 2001).

 Although Appellants and Appellee continued to file pleadings using the captions for the
Abbot lawsuit and the consolidated cases after the trial court's plenary jurisdiction expired, those
actions are insufficient to confer jurisdiction on the trial court. Jurisdiction cannot be conferred by
waiver or agreement. See Brown v. Fullenweider, 52 S.W.3d at 170-71; Dubai Petroleum Co. v.
Kazi, 12 S.W.3d 71, 76. Accordingly, Appellee's motion is granted, and this appeal is dismissed for
lack of jurisdiction. 


Opinion delivered June 18, 2002.

Panel consisted of Worthen, J., and Griffith, J.










(DO NOT PUBLISH)
1. See Tex. R. App. P. 47.1.