TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00539-CV






 

Thomas C. Retzlaff, Appellant



v.



Denise A. Retzlaff, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 163,613-B, HONORABLE RICK MORRIS, JUDGE PRESIDING 







 Thomas Retzlaff (Retzlaff) sued Denise Retzlaff to enforce the division of personal
property specified in their divorce decree. (1) After a bench trial, the court awarded Retzlaff a money
judgment against Denise Retzlaff. However, the court did not issue an order directed at certain
entities which Retzlaff claims have failed to abide by the provisions of his divorce decree; therefore, 
he perfected an appeal from the judgment. In two issues, he contends that the court should have
ordered certain governmental entities to release personal property awarded to him in the decree and
contends he should be granted a new trial because the absence of a court reporter deprived him of
the record necessary for an effective appeal. We will affirm the trial court's judgment.


Absence of the Court Reporter

 Retzlaff contends that the trial court erred because it held hearings which the court
reporter did not record although the court reporter had not been excused by agreement of the parties. 
See Tex. R. App. P. 13.1 (a). He contends that he cannot properly appeal due to lack of a complete
reporter's record. However, the clerk's record shows that the trial court held no hearings that 
required the presence of a court reporter. The trial court denied Retzlaff's "Application for Writ of
Habeas Corpus Ad Testificandum." The court expressly found that Retzlaff could adequately appear
in this matter by affidavit. Denise answered and submitted by affidavit a copy of a letter from
Retzlaff instructing her to sell certain property. She did not otherwise appear. The trial court's July
24, 2001, judgment in the enforcement action awarded appellant a money judgment against Denise
Retzlaff. The court coordinator's letter accompanying the judgment, the judgment, and the docket
sheet entry (2) all show that the court considered the file--the pleadings, discovery responses and
affidavits. The clerk's record contains all of the material that the trial court considered. 
Accordingly, there were no evidentiary proceedings for the court reporter to record. We overrule
Retzlaff's second issue.


Return of Personal Property

 In his first issue, Retzlaff complains that the trial court did not award him all the relief
to which he was entitled. Specifically, he claims he was entitled to have the court issue an order
directing the Temple Police Department, the Bell County District Attorney's Office, and the Bell
County County Attorney's office (the "governmental entities") to return to him certain property
pursuant to the property division in the divorce decree, which awarded him "all property in the care
and custody of the [governmental entities]."

 Retzlaff claims that the trial court denied him relief because in finding of fact number
eleven the court found that there had been no service on these entities. Retzlaff contends that no
service was necessary and that it is common that family courts make orders affecting employers, the
federal government, and other entities without serving them with citation. However, finding of fact
eleven states that the court denied relief because there was no evidence, insufficient evidence, and
insufficient pleadings, as well as lack of service, to support the requested relief.

 Retzlaff refers repeatedly to "uncontroverted evidence" establishing his entitlement 
to an order instructing the governmental entities to return his property. However, the entities
affected have had no opportunity to controvert his evidence. The divorce decree established rights
to this property as between Retzlaff and Denise Retzlaff. It adjudicated no rights as between Retzlaff
and the governmental entities. See Brown v. Fullenweider, 52 S.W.3d 169, 170 (Tex. 2001) (decree
allocated responsibility for attorney's fees between spouses but was not an "award" of fees to the
attorney). The sheriff's office, for example, has never had the opportunity to contest whether, as
between it and Retzlaff, Retzlaff is entitled to the property. It has not had the opportunity to show
that it never refused to give Retzlaff the property but required that Retzlaff make arrangements to
have the property picked up, because the sheriff's office would not deliver it. Accordingly, the trial
court in this cause did not have before it sufficient evidence in the enforcement proceeding to
establish that Retzlaff was entitled to an order directed against these governmental entities. 

 Retzlaff further contends that service was unnecessary because the governmental
entities were not "parties affected by a decree of divorce" so as to trigger the necessity for service
under Texas Family Code section 9.001(a). Section 9.001(a), however, confers standing on a party
to bring a suit to enforce a decree. See Fullenweider, 52 S.W.3d at 170. Section 9.001(c) provides
that a party "whose rights, duties, powers, or liabilities may be affected by the suit to enforce" is
entitled to receive notice by citation. Tex. Fam. Code Ann. § 9.001(c) (West 1998). We need not
decide whether these entities should have been served and joined in the enforcement action,
however, given our conclusion that there is insufficient evidence to support the trial court's issuing
Retzlaff's requested order. We overrule issue one. (3)

 Having overruled Retzlaff's two issues, we affirm the trial court's judgment.



 __________________________________________

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 8, 2002

Do Not Publish

1. Retzlaff is incarcerated. He represents himself pro se, as did Denise Retzlaff at trial. Denise
Retzlaff did not file a notice of appeal.
2. A docket sheet entry forms no part of the record which may be considered; it is a memorandum
made for the convenience of the clerk and trial court. Guyot v. Guyot, 3 S.W.3d 243, 247-48 (Tex.
App.--Fort Worth 1999, no pet.); First Nat'l Bank v. Birnbaum, 826 S.W.2d 189, 190 (Tex.
App.--Austin 1992, no writ). It may supply facts in certain situations. N-S-W Corp. v. Snell, 561
S.W.2d 798, 799 (Tex. 1977). We refer to it simply because it reinforces the facts concerning the
form of the evidence considered by the trial court.
3. Retzlaff in his pleadings threatens that he will bring separate lawsuits against these entities if
his property is not returned, thus wasting taxpayer's money. Records reflect that Retzlaff has filed
fifteen appeals in this court; neither judicial nor fiscal economy appears to be appellant's motivating
concern.