# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00539-CV

**Thomas C. Retzlaff, Appellant**

**v.**

**Denise A. Retzlaff, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 163,613-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

Thomas Retzlaff (Retzlaff) sued Denise Retzlaff to enforce the division of personal property specified in their divorce decree.[1]  After a bench trial, the court awarded Retzlaff a money judgment against Denise Retzlaff.  However, the court did not issue an order directed at certain entities which Retzlaff claims have failed to abide by the provisions of his divorce decree; therefore,  he perfected an appeal from the judgment.  In two issues, he contends that the court should have ordered certain governmental entities to release personal property awarded to him in the decree and contends he should be granted a new trial because the absence of a court reporter deprived him of the record necessary for an effective appeal.  We will affirm the trial court=s judgment.

*Absence of the Court Reporter*

---

[1]  Retzlaff is incarcerated.  He represents himself pro se, as did Denise Retzlaff at trial.  Denise Retzlaff did not file a notice of appeal.

Retzlaff contends that the trial court erred because it held hearings which the court reporter did not record although the court reporter had not been excused by agreement of the parties. *See* Tex. R. App. P. 13.1 (a). He contends that he cannot properly appeal due to lack of a complete reporter=s record. However, the clerk=s record shows that the trial court held no hearings that required the presence of a court reporter. The trial court denied Retzlaff=s AApplication for Writ of Habeas Corpus Ad Testificandum.@ The court expressly found that Retzlaff could adequately appear in this matter by affidavit. Denise answered and submitted by affidavit a copy of a letter from Retzlaff instructing her to sell certain property. She did not otherwise appear. The trial court=s July 24, 2001, judgment in the enforcement action awarded appellant a money judgment against Denise Retzlaff. The court coordinator=s letter accompanying the judgment, the judgment, and the docket sheet entry[2] all show that the court considered the fileCthe pleadings, discovery responses and affidavits. The clerk=s record contains all of the material that the trial court considered. Accordingly, there were no evidentiary proceedings for the court reporter to record. We overrule Retzlaff=s second issue.

***Return of Personal Property***

---

[2] A docket sheet entry forms no part of the record which may be considered; it is a memorandum made for the convenience of the clerk and trial court. *Guyot v. Guyot*, 3 S.W.3d 243, 247-48 (Tex. App.CFort Worth 1999, no pet.); *First Nat=l Bank v. Birnbaum*, 826 S.W.2d 189, 190 (Tex. App.CAustin 1992, no writ). It may supply facts in certain situations. *N-S-W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977). We refer to it simply because it reinforces the facts concerning the form of the evidence considered by the trial court.

In his first issue, Retzlaff complains that the trial court did not award him all the relief to which he was entitled. Specifically, he claims he was entitled to have the court issue an order directing the Temple Police Department, the Bell County District Attorney=s Office, and the Bell County County Attorney=s office (the Agovernmental entities@) to return to him certain property pursuant to the property division in the divorce decree, which awarded him Aall property in the care and custody of the [governmental entities].@

Retzlaff claims that the trial court denied him relief because in finding of fact number eleven the court found that there had been no service on these entities. Retzlaff contends that no service was necessary and that it is common that family courts make orders affecting employers, the federal government, and other entities without serving them with citation. However, finding of fact eleven states that the court denied relief because there was no evidence, insufficient evidence, and insufficient pleadings, as well as lack of service, to support the requested relief.

Retzlaff refers repeatedly to Auncontroverted evidence@ establishing his entitlement to an order instructing the governmental entities to return his property. However, the entities affected have had no opportunity to controvert his evidence. The divorce decree established rights to this property as between Retzlaff and Denise Retzlaff. It adjudicated no rights as between Retzlaff and the governmental entities. *See Brown v. Fullenweider*, 52 S.W.3d 169, 170 (Tex. 2001) (decree allocated responsibility for attorney=s fees between spouses but was not an Aaward@ of fees to the attorney). The sheriff=s office, for example, has never had the opportunity to contest whether, as between it and Retzlaff, Retzlaff is entitled to the property. It has not had the opportunity to show that it never refused to give Retzlaff the property but required that Retzlaff make arrangements to have the property picked up, because the sheriff=s office would not deliver it. Accordingly, the trial court in this cause did not have before it sufficient evidence in the enforcement proceeding to establish that Retzlaff was entitled to an order directed against these governmental entities.

Retzlaff further contends that service was unnecessary because the governmental entities were not Aparties affected by a decree of divorce@ so as to trigger the necessity for service under Texas Family Code section 9.001(a). Section 9.001(a), however, confers standing on a party to bring a suit to enforce a decree. *See Fullenweider*, 52 S.W.3d at 170. Section 9.001(c) provides that a party Awhose rights, duties, powers, or liabilities may be affected by the suit to enforce@ is entitled to receive notice by citation. Tex. Fam. Code Ann. ' 9.001(c) (West 1998). We need not decide whether these entities should

**5**

have been served and joined in the enforcement action, however, given our conclusion that there is insufficient evidence to support the trial court=s issuing Retzlaff=s requested order. We overrule issue one.**³**

Having overruled Retzlaff=s two issues, we affirm the trial court=s judgment.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 8, 2002

Do Not Publish

---

**³** Retzlaff in his pleadings threatens that he will bring separate lawsuits against these entities if his property is not returned, thus wasting taxpayer=s money. Records reflect that Retzlaff has filed fifteen appeals in this court; neither judicial nor fiscal economy appears to be appellant=s motivating concern.