# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


### NO. 2-09-132-CV

ELIZABETH ANN ALLMOND                                           APPELLANT

V.

LOE, WARREN, ROSENFIELD,                                           APPELLEES
KAITCER, HIBBS & WINDSOR, P.C.
AND MARK J. ROSENFIELD

------------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Elizabeth Ann Allmond hired the law firm of Loe, Warren, Rosenfield, Kaitcer, Hibbs & Windsor, P.C. (Loe Warren) to represent her in her divorce. In due course, a final decree was signed by the trial court; it did not address attorneys' fees. Approximately forty days later, Loe Warren filed at

---

[1] *See* Tex. R. App. P. 47.4.

Elizabeth's request a motion for enforcement of the final decree because Elizabeth's ex-husband, Larry, was not complying with the terms of the decree requiring him to turn items over to Elizabeth. On the same date, Loe Warren filed a motion to withdraw from its representation of Elizabeth. Approximately forty days later, the trial court granted Loe Warren's motion to withdraw. Loe Warren then filed a petition in intervention in the enforcement suit, seeking to recover from Elizabeth the attorneys' fees that she owed for Loe Warren's representation of her in the divorce action. The petition in intervention pleaded that Elizabeth had entered into a written contract employing Loe Warren to represent her and had breached that contract by failing and refusing to pay amounts owed to Loe Warren. Elizabeth filed an answer to Loe Warren's petition in intervention and a counterclaim and supplemental counterclaim against Loe Warren and Mark Rosenfield—a partner in Loe Warren—for negligence and breach of fiduciary duty; she did not file a motion to strike the intervention.

Eventually, the case was called for final trial on the merits of Loe Warren's claim for attorneys' fees against Elizabeth and on Elizabeth's claims for negligence and breach of fiduciary duty against Loe Warren and Rosenfield. After the trial, the trial court signed a money judgment against Elizabeth and in

2

favor of Loe Warren. The judgment also provided that Elizabeth take nothing on her claims against Loe Warren and Rosenfield.

Elizabeth attempted to appeal this judgment, but this court dismissed it on the ground that it was not a final judgment because it did not dispose of Elizabeth's suit for enforcement of the divorce decree. *See Allmond v. Loe, Warren, Rosenfield, Kaitcer, Hibbs & Windsor, P.C.*, No. 02-07-00282-CV, 2008 WL 4601910, at *1 (Tex. App.—Fort Worth Oct. 16, 2008, no pet.) (mem. op.). Elizabeth subsequently nonsuited her suit for enforcement, and the trial court entered a final judgment identical to the prior final judgment. Elizabeth perfected this appeal.

Elizabeth raises two issues on appeal: that the trial court abused its discretion by granting judgment for Loe Warren generally and by awarding attorneys' fees that were denied in the divorce decree. For the reasons set forth below, we will affirm the trial court's judgment.

Elizabeth appears to argue under her first issue that the trial court lacked plenary power to make an award of attorneys' fees. While it is true that the trial court's plenary power over the divorce decree had expired, Elizabeth filed a motion to enforce, which under the family code is the equivalent of a new suit. *See* Tex. Fam. Code Ann. § 9.001(b) (Vernon 2006) (providing that suit to enforce decree is governed by rules of civil procedure applicable to filing of

3

original lawsuit).  Thus, the issue is not whether the trial court possessed plenary power over the divorce decree but whether the trial court possessed the power to dispose of the claims brought in Elizabeth's suit for enforcement, Loe Warren's petition in intervention, and Elizabeth's counterclaim and supplemental counterclaim.  The answer to this question is yes; Elizabeth does not argue or cite any case law to the contrary.

Elizabeth also appears to argue that she was not served with Loe Warren's petition in intervention.  But the record reflects that Elizabeth filed an answer to the petition in intervention and filed her own counterclaim and supplemental counterclaim.  Thus, Elizabeth made a general appearance in the litigation, and lack of service of citation, if any, is not fatal.  *See* Tex. R. Civ. P. 120, 121; *Baker v. Monsanto Co.*, 111 S.W.3d 158, 160–61 (Tex. 2003) (noting that answer to plea in intervention did not challenge trial court's jurisdiction and that party challenging intervention did not file motion to quash for defective service; thus, party made general appearance).  Additionally, Elizabeth appeared at the trial on the merits and waived service by doing so. *See* Tex. R. Civ. P. 124.

Elizabeth appears to argue in support of her second issue that because the final decree of divorce did not order either Elizabeth or her ex-husband to pay the other's attorneys' fees and also contained a Mother Hubbard clause

4

that all relief not expressly granted was denied, the trial court was without authority to award a money judgment (based on unpaid attorneys' fees) to Loe Warren. It is true that an attorney may not file a suit for enforcement of a divorce decree to collect attorney's fees from his own client. *See Brown v. Fullenweider*, 52 S.W.3d 169, 170–71 (Tex. 2001). But here, Elizabeth filed a suit for enforcement of the divorce decree. Loe Warren filed a petition in intervention in that existing lawsuit, which is authorized by family code section 9.001(c) and rule 60 of the rules of civil procedure. *See* Tex. Fam. Code Ann. § 9.001(c) (providing that enforcement proceeding shall be as in civil cases generally); Tex. R. Civ. P. 60 (providing that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party"). Loe Warren's petition in intervention did not seek to enforce the divorce decree as the attorney in *Fullenweider* did. *See* 52 S.W.3d at 170–71. Loe Warren's petition in intervention pleaded a cause of action against Elizabeth for breach of contract. And Elizabeth did not file a motion to strike Loe Warren's plea in intervention. *See, e.g.*, *In re Union Carbide Corp.*, 273 SW.3d 152, 154–55 (Tex. 2008) (orig. proceeding) (recognizing that intervention is a matter of right subject to motion to strike intervention). We are aware of no authority, and Elizabeth cites none, stating that a decree of divorce that does not award attorneys' fees or make any findings as to

5

attorneys' fees relieves a party of her contractual obligation to pay attorneys' fees. Consequently, the fact that the divorce decree did not address attorneys' fees is not relevant to the breach of contract cause of action pleaded in Loe Warren's petition in intervention and does not bar a judgment based on that cause of action.

We overrule Elizabeth's first and second issues. Accordingly, we affirm the trial court's judgment.

SUE WALKER<br>JUSTICE

PANEL: LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED: April 1, 2010