COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-09-132-CV

 

 

ELIZABETH ANN ALLMOND                                                   APPELLANT

 

                                                   V.

 

LOE, WARREN, ROSENFIELD,                                                APPELLEES

KAITCER, HIBBS & WINDSOR, P.C.

AND MARK J. ROSENFIELD

                                                                                                        

 

                                              ------------

 

           FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Elizabeth Ann Allmond hired the law firm of Loe, Warren, Rosenfield, Kaitcer,
Hibbs & Windsor, P.C. (Loe Warren) to represent her in her divorce.  In due course, a final decree was signed by
the trial court; it did not address attorneys=
fees.  Approximately forty days later,
Loe Warren filed at Elizabeth=s
request a motion for enforcement of the final decree because Elizabeth=s
ex-husband, Larry, was not complying with the terms of the decree requiring him
to turn items over to Elizabeth.  On the
same date, Loe Warren filed a motion to withdraw from its representation of
Elizabeth.  Approximately forty days
later, the trial court granted Loe Warren=s motion
to withdraw.  Loe Warren then filed a
petition in intervention in the enforcement suit, seeking to recover from
Elizabeth the attorneys= fees that she owed for Loe
Warren=s
representation of her in the divorce action. 
The petition in intervention pleaded that Elizabeth had entered into a
written contract employing Loe Warren to represent her and had breached that contract
by failing and refusing to pay amounts owed to Loe Warren. Elizabeth filed an
answer to Loe Warren=s petition in intervention and a
counterclaim and supplemental counterclaim against Loe Warren and Mark RosenfieldCa
partner in Loe WarrenCfor negligence and breach of
fiduciary duty; she did not file a motion to strike the intervention.








Eventually,
the case was called for final trial on the merits of Loe Warren=s claim
for attorneys= fees against Elizabeth and on
Elizabeth=s claims for negligence and
breach of fiduciary duty against Loe Warren and Rosenfield. After the trial,
the trial court signed a money judgment against Elizabeth and in favor of Loe
Warren.  The judgment also provided that
Elizabeth take nothing on her claims against Loe Warren and Rosenfield.

Elizabeth
attempted to appeal this judgment, but this court dismissed it on the ground
that it was not a final judgment because it did not dispose of Elizabeth=s suit
for enforcement of the divorce decree.  See
Allmond v. Loe, Warren, Rosenfield, Kaitcer, Hibbs & Windsor, P.C., No.
02-07-00282-CV, 2008 WL 4601910, at *1 (Tex. App.CFort
Worth Oct. 16, 2008, no pet.) (mem. op.). 
Elizabeth subsequently nonsuited her suit for enforcement, and the trial
court entered a final judgment identical to the prior final judgment. Elizabeth
perfected this appeal.

Elizabeth
raises two issues on appeal: that the trial court abused its discretion by
granting judgment for Loe Warren generally and by awarding attorneys= fees
that were denied in the divorce decree. 
For the reasons set forth below, we will affirm the trial court=s
judgment.








Elizabeth
appears to argue under her first issue that the trial court lacked plenary
power to make an award of attorneys=
fees.  While it is true that the trial
court=s
plenary power over the divorce decree had expired, Elizabeth filed a motion to
enforce, which under the family code is the equivalent of a new suit.  See Tex. Fam. Code Ann. '
9.001(b) (Vernon 2006) (providing that suit to enforce decree is governed by
rules of civil procedure applicable to filing of original lawsuit).  Thus, the issue is not whether the trial
court possessed plenary power over the divorce decree but whether the trial
court possessed the power to dispose of the claims brought in Elizabeth=s suit
for enforcement, Loe Warren=s
petition in intervention, and Elizabeth=s
counterclaim and supplemental counterclaim. 
The answer to this question is yes; Elizabeth does not argue or cite any
case law to the contrary.

Elizabeth
also appears to argue that she was not served with Loe Warren=s
petition in intervention.  But the record
reflects that Elizabeth filed an answer to the petition in intervention and
filed her own counterclaim and supplemental counterclaim.  Thus, Elizabeth made a general appearance in
the litigation, and lack of service of citation, if any, is not fatal.  See Tex. R. Civ. P. 120, 121; Baker
v. Monsanto Co., 111 S.W.3d 158, 160B61 (Tex.
2003) (noting that answer to plea in intervention did not challenge trial court=s
jurisdiction and that party challenging intervention did not file motion to
quash for defective service; thus, party made general appearance).  Additionally, Elizabeth appeared at the trial
on the merits and waived service by doing so. 
See Tex. R. Civ. P. 124.













Elizabeth
appears to argue in support of her second issue that because the final decree
of divorce did not order either Elizabeth or her ex-husband to pay the other=s
attorneys= fees and also contained a
Mother Hubbard clause that all relief not expressly granted was denied, the
trial court was without authority to award a money judgment (based on unpaid
attorneys= fees) to Loe Warren.  It is true that an attorney may not file a
suit for enforcement of a divorce decree to collect attorney=s fees
from his own client.  See Brown v.
Fullenweider, 52 S.W.3d 169, 170B71 (Tex.
2001).  But here, Elizabeth filed a suit
for enforcement of the divorce decree. 
Loe Warren filed a petition in intervention in that existing lawsuit,
which is authorized by family code section 9.001(c) and rule 60 of the rules of
civil procedure.  See Tex. Fam.
Code Ann. ' 9.001(c) (providing that
enforcement proceeding shall be as in civil cases generally); Tex. R. Civ. P.
60 (providing that A[a]ny party may intervene by
filing a pleading, subject to being stricken out by the court for sufficient
cause on the motion of any party@).  Loe Warren=s petition
in intervention did not seek to enforce the divorce decree as the attorney in Fullenweider
did.  See 52 S.W.3d at 170B71.  Loe Warren=s
petition in intervention pleaded a cause of action against Elizabeth for breach
of contract.  And Elizabeth did not file
a motion to strike Loe Warren=s plea
in intervention.  See, e.g., In
re Union Carbide Corp., 273 SW.3d 152, 154B55 (Tex.
2008) (orig. proceeding) (recognizing that intervention is a matter of right
subject to motion to strike intervention). 
We are aware of no authority, and Elizabeth cites none, stating that a
decree of divorce that does not award attorneys= fees or
make any findings as to attorneys= fees
relieves a party of her contractual obligation to pay attorneys= fees.  Consequently, the fact that the divorce
decree did not address attorneys= fees is
not relevant to the breach of contract cause of action pleaded in Loe Warren=s
petition in intervention and does not bar a judgment based on that cause of
action.

We
overrule Elizabeth=s first and second issues.  Accordingly, we affirm the trial court=s
judgment.

 

SUE WALKER

JUSTICE

 

PANEL: LIVINGSTON, WALKER, and MCCOY, JJ.

 

DELIVERED: April 1, 2010











[1]See Tex. R. App. P. 47.4.