**AFFIRM; and Opinion Filed November 30, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00587-CV

**WYDE AND ASSOCIATES, LLC, AND DAN L. WYDE, Appellants**
**V.**
**JAMES E. FRANCESCONI AND TATIANNA FRANCESCONI, Appellees**

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-50787-2014**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Fillmore, and Myers
Opinion by Justice Lang-Miers

After a hearing, the trial court granted appellee James E. Francesconi's plea to the jurisdiction, denied appellant Dan L. Wyde's motion for enforcement of a final decree of divorce, and assessed sanctions against Wyde. Wyde and Associates, LLC and Dan L. Wyde (together, "Wyde") appeal, arguing in three issues that the trial court abused its discretion in making these rulings. We conclude the trial court did not abuse its discretion. Accordingly, we affirm.

### BACKGROUND

Wyde represented appellee Tatianna Francesconi ("Wife") in her divorce from appellee James E. Francesconi ("Husband"). The case proceeded to a non-jury trial on the merits before the 199th Judicial District Court of Collin County. On July 30, 2015, the trial court made oral rulings on the record, including the following:

On the attorney's fees, I have [Wife]'s right at $40,000 and [Husband] right at $57,000. And before you guys got to me, you were in the 429th. Was there any type of interim support ordered as it related to attorney's fees? I'm sorry. Interim attorney's fees ordered?

MR. WYDE: No, Your Honor.

. . . .

On the attorney's fees, . . . [Wife] will be responsible for half of her fees, and [Husband] will be responsible for the other half, noting that [Husband] will have to —Mr. Wyde will have to work out payments so that [Husband] can still make sure he's meeting his obligations to the children first and foremost . . . . So, to pay it out.

The trial court rendered a decree of divorce on November 10, 2015. The decree provided that Husband "shall pay 50% of [Wife's] attorney's fees," and awarded Wyde a judgment against Husband, but left blank the amount of the judgment:

Attorney's Fees

IT IS FURTHER ORDERED AND DECREED that Husband James Francesconi shall pay 50% of wife Tatianna's attorney's fees. The Court finds that Tatianna has incurred reasonable and necessary attorney's fees in the amount of _____, and that 50% of this amount is _____. The court finds that the balance of at least 50% of the total fees remains unpaid by wife Tatianna Francesconi. Therefore, wife's attorney Dan Wyde & Associates, L.L.C. is awarded a judgment against husband James Francesconi in the amount of _____, and James Francesconi is ordered to pay that amount directly to Dan Wyde and Associates, L.L.C., 10100 N. Central Expressway, Suite 590, Dallas TX 75231 (214) 521-9100, in installments of _____ per month, due on the 1st of each month, until paid in full.

The decree also provided, "all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable."

The November 10, 2015 judgment was not appealed by Husband, Wife, or Wyde within the time periods set forth under the applicable rules. *See* TEX. R. APP. P. 26 (time to perfect appeal).

On January 18, 2016, Husband and Wife signed a written agreement "to resolve all pending matters" between them ("Rule 11 agreement"). Husband and Wife agreed to "waive any rights to file and agree not to file any motion for New Trial, Notice of Appeal and any form of any Bill of

Review in this case." Regarding Wyde's fees, Husband and Wife agreed that Husband "is responsible for half of the debt owed to attorney Dan Wyde totaling $40,000. This will be paid in bi-monthly payments of $200 each totaling $400 per month." Husband and Wife also agreed that Wife "shall be responsible for the remaining balance of attorney fees that are presently due and owing to Wyde & Associates in relation to this matter."

On January 26, 2016, Wyde filed a petition for mandamus requesting that, among other relief, this Court order the trial court to vacate the divorce decree and conduct a hearing on the amount of attorney's fees to be awarded him. We denied Wyde's petition on February 9, 2016, concluding that Wyde "has not demonstrated that he is entitled to relief." *In re Dan L. Wyde*, No. 05-16-00083-CV, 2016 WL 519633, at *1 (Tex. App.—Dallas Feb. 9, 2016, orig. proceeding) (mem. op).

On April 25, 2016, Wyde filed a notice of appeal of the November 10, 2015 decree. Husband and Wife moved to dismiss the appeal for want of jurisdiction, arguing that Wyde's notice of appeal was untimely. On May 25, 2016, this Court dismissed Wyde's appeal for lack of jurisdiction, explaining:

> Here, the trial court signed the final divorce decree November 10, 2015. Assuming no post-judgment orders were filed, the notice of appeal was due December 10, 2015. Even if a timely post-judgment order had been filed and extended the appellate timetable, the time for filing the notice of appeal would have been extended to February 8, 2016. Wyde, however, filed his notice of appeal April 25, 2016. Because he filed his notice of appeal outside the time provided by the rules of appellate procedure, we conclude we lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b).

*Wyde v. Francesconi*, No. 05-16-00499-CV, 2016 WL 3007090, at *1 (Tex. App.—Dallas May 25, 2016, no pet.) (mem. op.).[1]

---

[1] Wyde also sued Wife alleging that she breached a contract to pay him attorney's fees for representing her in the divorce. An appeal of that case is also pending in this Court, styled *Dan Wyde & Associates, LLC, and Dan L. Wyde, Individually, Appellants v. Tatianna Francesconi, Appellee*, No. 05-17-01333-CV.

On March 15, 2017, Wyde filed a motion to enforce the provisions of the divorce decree regarding his fees. He filed the motion in the 469th District Court because the case was transferred there by administrative order effective September 1, 2015, although trial proceeded in, and judgment was rendered by, the 199th Judicial District Court where the Francesconis' divorce was originally filed. Wyde obtained a court order requiring Husband to appear at a hearing on the motion to enforce.

Husband and Wife each filed an answer to Wyde's motion to enforce. Husband's answer included a plea to the jurisdiction asserting that Wyde lacked standing to enforce the decree. Husband also pleaded that Wyde's claim was barred by res judicata, and that the trial court lacked plenary power to review, interpret, or change its judgment. Husband's answer also contained a general denial, affirmative defenses, and special exceptions. Husband also sought sanctions and attorney's fees, alleging that Wyde's motion was "frivolous, groundless, lacks an appropriate legal basis, and is filed for the purpose of harassment" in violation of civil practice and remedies code sections 9.011 and 10.001 and rule of civil procedure 13. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.011, 10.001; TEX. R. CIV. P. 13.

The trial court held a hearing on April 26, 2017, the day after Husband filed and served his answer, plea to the jurisdiction, and motion for sanctions. Wyde did not seek a continuance of the hearing. Husband appeared at the hearing in compliance with the court order obtained by Wyde. The court heard arguments on Husband's plea to the jurisdiction, granted the plea, and proceeded to hear testimony and argument on Husband's request for sanctions. Husband's and Wife's counsel both testified to the attorney's fees incurred for their representation relating to Wyde's motion to enforce. Husband, a neurologist and neurohospitalist, testified that he appeared in compliance with the court's order, was required to make arrangements for other physicians to cover his rounds at three different hospitals, and lost $2,700 in wages for doing so.

Wyde then testified, making an offer of proof "showing the good faith nature of every lawful attempt that this firm has made to collect the more than eighty thousand dollars that we have lawfully billed and that Judge Tucker recognized that we were entitled to the fifty percent of in her oral rendition." The court responded, "I understand and I've already heard this issue." Wyde's exchange with the court continued:

MR. WYDE: No, I don't believe the record's clear right now and I'm asking for an opportunity to clarify this record because it's going to be appealed, and if you deny me the opportunity to make a full record—."

THE COURT: I'm not denying you the opportunity.

MR. WYDE: Then let me finish my narrative.

THE COURT: Okay. Do not tell me to let you finish.

MR. WYDE: I—

THE COURT: Hold on. Do not interrupt me.

MR. WYDE: —asked you to let me finish.

THE COURT: Do not interrupt me. At this point you are becoming disruptive.

MR. WYDE: I disagree.

. . . .

MR. WYDE: And I object to you not allowing me to develop the record—

THE COURT: Thank you.

MR. WYDE:—on issues that are relevant.

THE COURT: I have not disallowed you. I have given you the opportunity to make an offer of proof and I am allowing you to make a record at this point. What I'm asking is that you not interrupt me.

MR. WYDE: I was testifying in the narrative when they objected after you said I could already testify in the narrative.

THE COURT: I understand, but again, many of these issues have already been litigated. This case—

MR. WYDE: I disagree with the Court.

THE COURT: —has already been up on appeal twice. If you would, please proceed—

MR. WYDE: Yes.

THE COURT: —with your testimony. Go ahead.

Wyde then continued with his offer of proof, testifying that "[w]e were precluded and denied due process to get back into court for the next two and a half months," attributing the problem to "court logistics," the transfer of the case from the 199th Judicial District Court to the new 469th Judicial District Court, and opposing counsel's unavailability. Wyde also testified that there was "no evidence that Judge Tucker actually reviewed the judgment," stating that "[f]or all we know, it could have been stamped by the court coordinator who obviously has access to a judge's stamp."

Wyde also testified to problems scheduling a hearing on a pending motion he had filed on Wife's behalf requesting sanctions against Husband for violations of the Stored Electronic Communications Act, culminating in the Rule 11 agreement that "was basically proffered and orchestrated by" Husband's counsel, who used "sleazy lawyer tactics" to have Husband "conspire around me . . . to avoid a hearing that was scheduled twelve hours later for sanctions." He concluded:

> Now, you think I should be paying them for this? Is that what the Court's going to rule? Okay. Because every time I've come to Court, all I've heard from the opposing counsel is you can't do this. You can't do that. And yet we wouldn't have even been here had her partner not proffered a—what is clearly a material misrepresentation to this court—

> THE COURT: All right. Your time has expired at this point. I'm going to go ahead and ask—

> Hold on. Hold on. You still need to be passed.

> And questions of this witness, Ms. O'Neil or Mr. Rowe?

> MR. ROWE: I have no questions, Your Honor.

> MS. O'NEIL: No questions, Your Honor.

THE COURT: All right. You may step down. Thank you, Mr. Wyde.

MR. WYDE: Smartest thing you've said all day.[2]

The trial court found that Wyde's motion to enforce was filed in bad faith, explaining "I believe this matter has been litigated several times before and make the finding [of bad faith] based on that." But the court took the question whether the motion was filed for purposes of harassment under advisement, permitting the parties to file further briefing if they chose to do so. On May 1, 2017, Wyde filed a brief in response to Husband's motion for sanctions and attorney's fees. He complained of a lack of due process and argued that his motion to enforce was filed in good faith.

On May 24, 2017, the trial court signed an order granting Husband's plea to the jurisdiction and denying Wyde's motion for enforcement. The trial court found that Wyde's motion for enforcement was groundless and brought in bad faith and for the purposes of harassment under rule 13, Texas Rules of Civil Procedure. The court found that Wyde had notice of the April 26, 2017 hearing and proceeded without requesting a continuance. The court also found that Wyde caused Husband "to appear in court frivolously, in bad faith, and for the purposes of harassment under Rule 13 of the TEXAS RULES OF CIVIL PROCEDURE, causing [Husband] to miss work and lose income."

The trial court awarded Husband a judgment in the amount of $1,350.00 against Wyde, and awarded Husband's attorneys, the firm of O'Neil Wysocki, P.C., judgment in the amount of $7,000.00. The trial court also awarded Pete Rowe, Wife's subsequent counsel, judgment against Wyde in the amount of $500.00. This appeal followed.

---

[2] When asked to explain, Wyde said, "I said to myself that that's the smartest thing that the two attorneys have said all day." The trial court requested that he "refrain from the sidebar," which Wyde promised to do.

We review a trial court's ruling on a post-divorce motion for enforcement or clarification of a divorce decree for abuse of discretion. *DeGroot v. DeGroot*, 369 S.W.3d 918, 921 (Tex. App.—Dallas 2012, no pet.). We also review a trial court's sanction order for abuse of discretion. *Bradt v. Sebek*, 14 S.W.3d 756, 760–61 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A trial court abuses its discretion in imposing sanctions only if it based its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 667 (Tex. App.—Dallas 2003, no pet.).

DISCUSSION

In three issues, Wyde complains (1) the trial court abused its discretion by denying his motion for enforcement of the divorce decree; (2) Husband and Wife failed to meet their burdens of proof to establish that Wyde's claims were filed without reasonable inquiry and not in good faith; and (3) the trial court abused its discretion by failing to conduct an evidentiary hearing if it found that the decree was not sufficiently clear.

**1. Motion for enforcement under family code Chapter 9**

Wyde filed this proceeding as a suit to enforce a final decree of divorce under family code Chapter 9. *See* TEX. FAM. CODE ANN. Chapter 9 (Post-Decree Proceedings), subch. A (suit to enforce decree). Family code section 9.001(a) provides that a party affected by the property division in a divorce decree, "including a division of property and any contractual provisions under the terms of an agreement incident to divorce . . . that was approved by the court, may request enforcement of that decree by filing a suit to enforce . . . in the court that rendered the decree." TEX. FAM. CODE ANN. § 9.001(a). Wyde argues the trial court should have granted his motion to enforce under section 9.001.

Wyde relies on the trial court's rulings after the bench trial of Husband's and Wife's divorce, citing (1) the trial court's oral ruling that Husband "will be responsible for" half of Wife's attorney's fees, (2) the trial court's statement that "[o]n the attorney's fees, I have [Wife's] right at $40,000," and (3) the decree's provision that Husband "shall pay 50% of [Wife's] attorney's fees." Wyde also argues that the trial court had jurisdiction over his suit under section 9.001; that Husband waived his objections to an award of attorney's fees to Wyde; and that the blank space in the judgment was not equivalent to an award of zero attorney's fees.

Husband responds that Wyde lacked standing to request enforcement of the divorce decree under family code Chapter 9. Husband relies on section 9.001(a) and on the supreme court's opinion in *Brown v. Fullenweider*, 52 S.W.3d 169, 170–71 (Tex. 2001) (per curiam). In *Brown*, the court concluded that an attorney's claim against his client for fees was not an issue related to the division of a marital estate. *Id*. The court explained that the "obvious purpose" of family code Chapter 9 "was to provide an expeditious procedure for enforcing and clarifying property divisions in divorce decrees." *Id.* None of the provisions of Chapter 9 "contemplates that such proceedings would involve any issues other than those related to the division of a marital estate." *Id.* at 171. The court concluded, "[a]n attorney's claim against his client for fees is not such an issue," reasoning that "[i]t is wholly implausible that the Legislature intended to deny an attorney and client the right to trial by jury in a dispute over fees related to a divorce proceeding." *Id.* at 171. Consequently, section 9.001 did not apply to the attorney's claim. *Id.*

Here, as in *Brown*, Wyde's claim for attorney's fees is not related to the division of Husband's and Wife's marital estate. *See id.* And as in *Brown*, Wyde's motion "was filed long after the trial court's plenary jurisdiction over" the divorce case had terminated. *Id.* at 171. Consequently, under *Brown*, Wyde's motion to enforce the divorce decree was "outside the trial court's jurisdiction." *Id.* at 170. We conclude that Wyde lacked standing to file a suit under Chapter

9, and the trial court did not err by granting Husband's plea to the jurisdiction. *See id.* We decide Wyde's first issue against him.[3]

In his third issue Wyde argues in the alternative that trial court abused its discretion by failing to conduct an evidentiary hearing to clarify the final divorce decree. He relies on family code sections 9.006 through 9.014 to support his argument, contending that under those sections, the trial court had the power to render a clarifying order to conform the decree to its oral rendition or to enforce the terms of the Rule 11 agreement. For the reasons we have discussed, Wyde lacked standing to file suit under Chapter 9 of the family code, and consequently, lacked standing to obtain relief under family code sections 9.001 through 9.014. *See Brown*, 52 S.W.3d at 170–71. We decide Wyde's third issue against him.

## 2. Sanctions

The trial court imposed sanctions under rule of civil procedure 13. Rule 13 provides that an attorney's signature "constitute[s] a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment." TEX. R. CIV. P. 13. A pleading is groundless if it has "no basis in law or fact and not warranted by good-faith argument for the extension, modification, or reversal of existing law." *Id*. Rule 13 further provides that if a pleading is signed in violation of the rule, the court after notice and hearing shall impose "an appropriate sanction" available under rule 215.2(b) upon the person who signed the pleading. *Id.*

We presume that pleadings are filed in good faith. *Id.* The party seeking sanctions bears the burden to overcome this presumption. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). But

---

[3] Because we conclude that Wyde lacked standing under Chapter 9, we need not address Husband's alternative argument that "there is nothing to enforce" because the trial court left blank spaces in the decree. *See* TEX. R. APP. P. 47.1 (court of appeals must hand down written opinion that is "as brief as practicable but that addresses every issue raised and necessary to final disposition of appeal").

direct evidence of a sanctioned person's subjective intent is not required to rebut the presumption. *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 289–90 (Tex. App.—Dallas 2012, no pet.). Intent may be shown by circumstantial evidence as well. *Id.* When determining whether rule 13 sanctions are proper, the trial court must examine the circumstances existing when the litigant filed the pleading. *In re Lewis*, No. 05-08-01541-CV, 2010 WL 177817, at *3 (Tex. App.—Dallas Jan. 20, 2010, no pet.) (mem. op.). In addition, the trial court is entitled to consider the entire history of the case before it. *Id.*

Wyde contends that the "primary purpose" for his Chapter 9 motion to enforce "was to be afforded an opportunity to correct an erroneously signed *Final Decree of Divorce* by the 199th District Court." He argues that his motion "was based on an express oral rendition of a ruling by Judge Tucker and a Rule 11 Agreement entered into by [Husband and Wife], therefore, [Wyde] showed good faith and a legal basis to bring [his] motion." But the record also reflects that (1) Wyde did not timely seek available relief, such as a motion for new trial or a timely appeal of the trial court's judgment; (2) the trial court denied Wyde's previous motions to recover the same fees; and (3) Wyde unsuccessfully sought mandamus arising from the same alleged errors. And the trial court heard Wyde's testimony and argument, afforded Wyde the opportunity to file a brief on the subject, and ruled only after Wyde's brief had been on file for over three weeks. Under an abuse of discretion standard, the trial court judges the credibility of witnesses and may resolve conflicting testimony. *Owen*, 380 S.W.3d at 290. Based on the record before us, we conclude that the trial court did not base its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *See Elkins*, 103 S.W.3d at 667. Consequently, the trial court did not abuse its discretion in concluding Wyde filed the motion in bad faith and for the purposes of harassment. *See Owen*, 380 S.W.3d at 290. We decide Wyde's second issue against him.

### 3. Request for appellate sanctions

In his appellate brief under his "Issue 6," Husband argues that Wyde's appeal "is frivolous and should be sanctioned," relying on rule of appellate procedure 45. Rule 45 provides:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

TEX. R. APP. P. 45. Husband requested the Court "to consider the lack of merit to the underlying case as well as this appeal and grant just damages." Wyde responded in his reply brief that his appeal was not frivolous because "Appellants have a good faith basis for bringing the appeal as evidenced in the original brief and this reply brief."

After submission of this case by oral argument, Husband filed a "post-submission supplemental brief" attaching the affidavit of his attorney testifying to the fees charged Husband for this appeal. Wyde has filed a response. After a review of the record, briefing, and other papers filed in this Court, we deny Husband's request for damages under rule 45. *See* TEX. R. APP. P. 45; *Woods v. Kenner*, 501 S.W.3d 185, 199 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

"An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed." *Owen*, 380 S.W.3d at 290. "The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation." *Id*. Rule 45 "does not require the Court to award just damages in every case in which an appeal is frivolous," *see Woods*, 501 S.W.3d at 198, and we decline to do so here.

## CONCLUSION

We affirm the trial court's grant of Husband's plea to the jurisdiction and its award of sanctions against Wyde in its May 24, 2017 Order.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

170587F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WYDE AND ASSOCIATES, LLC, AND
DAN L. WYDE, Appellants

No. 05-17-00587-CV        V.

JAMES E. FRANCESCONI AND
TATIANNA FRANCESCONI, Appellees

On Appeal from the 469th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 469-50787-2014.
Opinion delivered by Justice Lang-Miers;
Justices Fillmore and Myers, participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees James E. Francesconi and Tatianna Francesconi recover their costs of this appeal and the full amount of the trial court's judgment from appellants Wyde and Associates, LLC, and Dan L. Wyde and from Act Quick Bail Bonds as surety on appellants' appeal bond.

Judgment entered this 30th day of November, 2018.